## CORNELL & CLARK *vs.* THE TOWN OF GUILFORD.

Commissioners of highways cannot, by virtue of their offices, bring suits to recover damages against individuals or corporations for illegally entering upon and taking possession of the public highways or bridges of their town.

The electors of towns in town meeting have no power, by resolution or otherwise, to authorize commissioners of highways to bring an action in their own names, or in their name of office, for such injuries. Such a resolution, if passed at town meeting, would not bind the town.

Where a cause of action exists in behalf of a town, and no officer is by statute authorized to prosecute for such cause of action, the town meeting may direct

Cornell *v.* The Town of Guilford.

such action to be brought, and may appoint an agent to prosecute it; but such suit must be brought in the name of the town. *Per* JEWETT, J.

Where the electors of a town in their town meeting directed the commissioners of highways to prosecute a turnpike company for entering upon and taking possession of a public highway and bridge in that town, and the commissioners accordingly brought a suit for that cause of action, and had judgment against them; *held*, that they could not sustain an action against the town to be reimbursed their costs and expenses or the costs recovered against them in that suit.

MOTION to set aside the report of referees. The action was assumpsit to recover certain moneys expended by the plaintiffs in prosecuting a suit against "The Butternutts and Oxford Turnpike Company," and for the costs recovered against and paid by them to the defendants in that suit, and for time and services of the plaintiffs in attending upon that litigation.

On the trial of this cause before the referees, it appeared that the plaintiffs and one Humphrey were elected commissioners of highways of the town of Guilford, in Chenango county, at the annual town meeting in the year 1838. The plaintiffs, as such commissioners, in October, 1838, commenced a suit in this court against the turnpike company above mentioned, for entering upon and taking possession of a public highway and bridge in the town of Guilford, without having the same appraised and paid for as private property according to law. That cause was tried in September, 1839, and the plaintiffs obtained a verdict, which was set aside by the court,(*a*) and subsequently judgment was rendered in the cause in favor of the turnpike company for the costs of their defence, which, with the costs and fees of their own attorney and counsel, the plaintiffs paid before bringing this suit. The plaintiffs applied to the town auditors of Guilford for the allowance of their claim respecting these transactions; but those officers refused to audit it. They then applied to this court for a *mandamus*, but the motion was denied; and subsequently this action was brought.

At the annual town meeting in Guilford held in 1836, a resolution was adopted refusing to release the highway and bridge to the turnpike company. The plaintiffs, before the referees set

(*a*) 25 *Wend.* 365.

up, and attempted to prove, that at the same town meeting a resolution was passed, directing or authorizing the commissioners of highways of the town to prosecute the turnpike company for taking possession of the highway and bridge. The defendant denied that any such resolution was passed. No such resolution was entered in the town books. The plaintiffs offered to prove the actual passage of the resolution, and that it was owing to the neglect of the town officers that it was not recorded. The defendant's counsel objected to the evidence, but the referees overruled the objection; and much testimony was taken upon that question—several witnesses, including one of the presiding magistrates, affirming that such a resolution was actually adopted, and a larger number, embracing another of the magistrates, testifying to the contrary. The referees reported in favor of the plaintiffs for $657,52.

*H. R. Mygatt,* for the defendant.

*H. Van Der Lyn,* for the plaintiffs.

*By the Court,* JEWETT, J. Conceding that the electors of the town of Guilford assembled in annual town meeting, passed the alleged resolution, and that all other objections can be answered, this suit cannot be sustained, unless it can be shewn either that the town, in the exercise of some corporate power, had authority to invest the plaintiffs as commissioners of highways with the legal capacity to institute the suit against the turnpike company, or that the plaintiffs, as such commissioners, by virtue of their office, had a right in the discharge of their official duties, independent of said supposed authority, to bring such suit. A reference to the statutes will, I think, clearly shew that the commissioners did not possess and that the town could not confer such authority.

By 1 *R. S.* 337, § 1, it is provided, that "Each town as a body corporate has capacity, 1. To sue and be sued, in the manner prescribed in the laws of this state:" and by § 2, that "No town shall possess or exercise any corporate powers, ex-

·cept such as are enumerated in this chapter, or shall be specially given by law, or shall be necessary to the exercise of the powers so enumerated or given." "The electors of each town in this state have power at their annual town meetings" "to direct the institution or defence of suits at law or in equity, in all controversies between such town and corporations, individuals or other towns." (1 *R. S.* 340, § 5, *subd.* 4.) "Whenever any controversy or cause of action shall exist between any towns of this state, or between any town and an individual or corporation, such proceedings shall be had either at law or in equity, for the purpose of trying and finally settling such controversy, and the same shall be conducted in like manner, and the judgment or decree therein shall have the like effect, as in other suits or proceedings of a similar kind between individuals and corporations." (*Id.* 356, § 1.) Section two of the same title provides, that "In all such suits and proceedings, the town shall sue or be sued by its name, except when town officers shall be authorized by law to sue in their name of office, for the benefit of the town;" and by § 3, "in all legal proceedings against towns by name, the first process and all other proceedings requiring to be served, shall be served on the supervisor of the town; and whenever any such suit or proceeding shall be commenced, it shall be the duty of the supervisor to attend to the defence thereof, and to lay before the electors of the town, at the first town meeting, a full statement of such suit or proceeding, for their direction in regard to the defence thereof." The statute prescribing the general duties of supervisors, (1 *R. S.* 349, § 2,) declares, that the supervisor "shall prosecute in the name of his town or otherwise as may be necessary, for all penalties of fifty dollars or under, given by law to such town or for its use, and for which no other officer is specially directed to prosecute." There are several other provisions in the statutes making it the duty of the supervisor of a town to prosecute in the name of the town for the recovery of certain forfeitures and penalties. Actions may be brought by supervisors of towns and certain other public officers named in the statute, among whom are the commissioners of highways of the several towns,

"upon any contract lawfully made with them or their predecessors in their official character, to enforce any liability or any duty enjoined by law, to such officers or the body which they represent; to recover any penalties or forfeitures given to such officers or the bodies whom they represent; and to recover damages for any injuries done to the property or rights of such officers or of the bodies represented by them." (2 R. S. 473, § 92.)

These provisions do not in any manner confer or recognize any power in the electors of a town, in town meeting or otherwise, to invest any officers of a town with the capacity to sue in their own name, or in their own name with the addition of their name of office, to enforce any liability or any duty enjoined by law to such town, or to take any proceedings in their name in law or equity to settle any controversy or cause of action which may exist between any towns or between any town and an individual or corporation; and no officer of a town can sustain such suit or proceeding unless authorized by law; and where no officer is specially authorized to sue, the suit or proceeding must be brought by the town in its name.

It will be perceived by the statutory provisions referred to, that the legislature has made it the official duty of the supervisor to act as the agent of his town in the defence of all suits brought against the town, under the direction of the electors of the town to be given in town meeting; and to sue for and recover certain penalties and forfeitures in the name of his town or otherwise, and to enforce by suit certain contracts made with him or his predecessor, &c.; but has not provided any agent to act for a town in the prosecution of any other suit in its name, although it has declared that " the electors of each town at their annual town meeting shall have power to direct the institution of suits in all controversies, between such town and corporations, individuals or other towns." In the absence, however, of a particular provision, I entertain no doubt but that the town meeting in the exercise of its power to direct suits, may by resolution appoint a suitable agent, and authorize the employment of attorney and counsel to conduct such prosecution as it may determine to institute; but then the suit must be in the name of the town, and not in that of the agent appointed to conduct it.

Cornell v. The Town of Guilford.

The powers of the electors of towns to bind the town are conferred by statute, and are limited to such acts as are prescribed by law; and if the town meeting of Guilford assumed to authorize the plaintiffs, as commissioners of highways, to sue the turnpike company, it clearly exceeded the power with which the law invested it. Its resolution to that effect is therefore merely void, and consequently the town is not bound to the performance of any contract, express or implied, which if legal might result from it, to indemnify the plaintiffs for their costs and expenses incurred by bringing that suit. Although the plaintiffs do not assume to derive their right to institute the suit from any power inherent in their office, but from the resolution of the town meeting, I have still thought it material to shew that this class of officers are not clothed with any such authority. The general duties of these officers are prescribed by several provisions of the revised statutes. (1 *R. S.* 500 *to* 526; 2 *id.* 473, 4.) Among other directions it is made their duty to recover and apply certain penalties and forfeitures, and to bring suits upon certain contracts made with them or their predecessors in their official character, and to enforce certain liabilities or duties enjoined by law to be performed to such officers or the body which they represent; but it is very clear that no authority is by these provisions vested in commissioners of highways to bring an action for such a cause as that which formed the subject of the suit against the turnpike company.

I am aware that it has been held that at common law "all public officers, though not expressly authorized by statute, have a capacity to sue commensurate with their public trusts and duties." (*Supervisor of Galway* v. *Stimson*, 4 *Hill*, 136, *and the cases there cited; Denton* v. *Jackson*, 2 *John. Ch.* 320; *Jackson* v. *Hartwell*, 8 *John.* 422.) But this is only intended to affirm that there is an implied power or authority in such officers to take all legal measures, in their official character, which may be requisite to enable them to execute the trust or discharge the duty imposed on them by law, where there is no statute prescribing the means by which such trust shall be executed or duty discharged. I do not see that this doctrine, con-

ceding its correctness, can be applied so as to aid the plaintiffs in this cause. The supposed claim of the town of Guilford, for which the plaintiffs prosecuted the suit against the turnpike company, was not of that description which the commissioners of highways, in their official character, were required by law to vindicate. The conclusions at which I have arrived render it unnecessary to examine other objections which have been made to the report; for if I am correct in these, the suit cannot be sustained. The report must therefore be set aside.

Ordered accordingly.