## JOSEPH O. CLARKE v. SCHOOL DISTRICT No. 7.

A Corporation may bind itself by a negotiable promissory note or bill of exchange for any debt contracted in the course of its legitimate business; that is, in any matter which is not foreign to the purposes of its creation.

A School District (a Corporation under the School Act,) gave its promissory notes for monies hired to discharge debts, incurred in the building of a School house, and otherwise:_Held_, That in so doing it was not contracting debts in a matter foreign to the purpose of its creation; and that the provision of the School Act giving this class of Corporations power to raise money by taxation, cannot be construed to forbid a borrowing of money for a legitimate purpose.

THIS was an action of assumpsit by the endorsee of five several promissory notes made by the defendant by its authorized agent, and was submitted to the Court upon agreed facts. These, so far as material, are stated in the opinion of the Court, as also are the points raised at the hearing.

*Browne*, for the plaintiff, cited *Morse* v. *Oakley*, (2 Hill, 265.) *Kelly* v. *Mayor and City of Brooklyn*, (4 Hill, 263.) *Halsted* v. *New York City*, (5 Barb. 218.) Chitty on Bills, 14. Ang. & Ames on Corp. 49. Dig. of 1844, p. 296-7. School Act, secs. 2, 56, 46, (P. L. 823.)

Joseph O. Clarke *v.* School District No. 7.

*Tillinghast* and *Bradley*, for defendant, cited (in addition to the authorities referred to by the Court) 2 Cowen, 699; 18 Johnson, 383; 3 Wendell, 71; 4 Hill, 76, 92; and School Act, sec. 36, (P. L. 830.)

BRAYTON, J. The only facts material to be stated for the purposes of this case, and to the question of law which was argued by counsel, are briefly these:—That this school district contracted debts to a considerable amount, in building a school house, and for other school purposes, and for expenses incurred in certain actions and suits in which the district was concerned, which debts, it was conceded, the district was in law bound to pay: that instead of levying a tax on the ratable property of the district to raise the money for the payment thereof, the district hired of the several individuals named as payees of the promissory notes, declared upon in this action, for the purpose of paying said debts with the money borrowed: that the said promissory notes were given by the district for the money so borrowed, and that the money borrowed was applied to the payment of said debts.

The question was raised, whether these promissory notes are valid and binding upon the district, or are void: whether a school district has power to raise money by borrowing, for the payment of its debts lawfully contracted, and to give its promissory notes therefor.

The counsel for the defendant contends that no such power exists in the district; that no corporation can exercise any powers except those which are expressly given; that these corporate powers are to be strictly construed; that the power given to these school districts

by the School Act, is to raise money by *tax* upon the ratable property of the district; and as no other mode of raising money is provided, they are not authorized to raise it by borrowing.

The counsel for the plaintiff claims that although these powers are to be strictly construed, and although corporations cannot bind themselves by a contract in relation to any matter foreign to the purposes of their incorporation, yet, that it is sufficient if ·the debt be contracted in their legitimate business, and for any debt so contracted they may bind themselves by negotiable note or bill of exchange, and consequently may raise money by means of such bill for the business.

That the powers of corporations are to be strictly construed, is a proposition not controverted. But with what degree of strictness are they to be construed ? The plaintiff's counsel has referred us to several cases in order to answer the question, and to show that the degree of strictness required will exclude the exercise of the power. In 2 Kent, 298, it is laid down, that a corporation cannot bind itself, except in the business it is authorized to do, and not in a business foreign to the purposes of its incorporation. In 15 John. 283, the company was incorporated as an Insurance Company. It assumed to issue notes to circulate as currency, and to exercise banking powers, and it was held that they had no such power, that it was foreign to the purpose of its creation. The 9 Cow. 180, was decided on similar grounds, and the Court say, that a corporation has no powers except such as are especially granted; that the·corporation in that case had no power to create the debt for that purpose; that the business or transaction out of which a liability was to arise was not authorized. The 1 Denio, 515,

was a suit against a corporation to reimburse officers of the corporation for expenses incurred in prosecuting a suit in their own names as such officers, and it was held, that a suit in the name of the officers could not be instituted; that the corporation could not authorize a suit in the name of the officers, it being specially provided, that such suit should be in the name of the corporation only. 2 Denio, 110, was a suit against the City of Buffalo, to recover the expenses of an entertainment, and the Court held, that the city had no power or authority to give any such entertainment. All these cases go to the subject matter of the original contract, and hold that the debt was created without authority; that the transaction out of which the debt was to be created, was foreign to the purposes of the incorporation, The case 2 Barbour, 604, was an action of trespass on the case against the city of Utica, for an illegal act of its agents. The Court there held, that the city could not be liable, first, because they did not, *in fact,* authorize the act; and secondly, because they had *no legal power* to authorize it, and that the only remedy was against the agent himself. In 5 Barbour, 613, it was held, that a corporation created for the purpose of conducting the business of life insurance and granting annuities, had no power to carry on *the business of* loaning money, though it might *invest* its money, and take security for it as incidental to the business authorized to be carried on.

All the cases cited by the defendant's counsel leave us with the general doctrine as laid down in the passage cited from 2 Kent, 298, that a corporation cannot contract except for the business it is authorized to do, and not for any matter foreign to it.

There are two other cases cited by plaintiff's counsel, which throw more light upon the point in question, and advance a step nearer the case under consideration. In the case in 2 Hill, 263, *( Morse* v *Oakley )* it was held that a corporation created for mining purposes only, might bind itself by a promissory note (although not expressly authorized by its charter to give a note,) for a debt contracted in its legitimate business. The only question was, whether the original debt was lawfully contracted.

In the 4 Hill, 263, *( Kelly* v. *Mayor and City of Brooklyn, )* it was also held, that for any debt so contracted the corporation might make its *negotiable promissory note* or bill of exchange, which would bind the corporation in the hands of the endorsee. And in this case, the Court say that this power is one *incident to every* corporation.

A corporation may, then, bind itself by a negotiable promissory note or bill of exchange for any debt contracted in the course of its legitimate business, for any expenses incurred in any matter or thing which it is authorized to do—or any matter which is not foreign to the purposes of its creation.

Has this corporation done an act foreign to the purposes of its creation? It contracted debts for legitimate purposes, which debts it was legally bound to pay.

It is not of *absolute* necessity that a corporation should give its promissory note for such debt, even to the original creditor: but it is easy to see that by doing so it postpones payment and obtains an extended credit. The law, however, permits it as a matter convenient to the corporation, as it is to every other person, because the

corporation is not thereby carrying on a business foreign to the purposes of its creation. These objects are pursued, notwithstanding, and none others. It does not alter° the amount of indebtedness, nor is the ultimate purpose different.

Upon the negotiation of such note or bill the corporation becomes liable to other persons than the original creditor, and the liability—the whole debt—may be changed from him to a third person, and its liability to the original creditor extinguished. A direct borrowing could do no more.

That which is here done directly, might have been done thus indirectly; but within the cases referred to, it might have been rightfully done. The only reason that can be given, is, that the corporation is not contracting debts in any matter foreign to the purposes of its creation. When it is done directly, by hiring money upon promissory notes to pay the original creditors, we do not see that there is any more or greater reason for saying that it is foreign to such purposes. Subsequently, although in strict legal effect it may be different, yet, substantially, and for all the legitimate purposes for which the corporation was created, it is the same. It affects neither the public generally, nor the members of the particular corporation, in any different way, in their rights or their interest.

If it has this power, as incident to every corporation, the additional power given by the school act to raise money by tax, cannot take it away. It is a guaranty for the final payment of its debts lawfully contracted, and by means of which it may be exonerated from all its liabilities legally incurred.

*Judgment for the plaintiff.*