JUDGE STITES
delivered the opinion oe the court:
This was a proceeding under the Civil Code {section 543) to sell a house and lot in the city of Newport, belonging to the heirs-at-law of Bryan Dowd, deceased. The petition was filed by two of the heirs, who were adults, against others who were infants and non-residents.
It was alleged that the property could not be divided without greatly impairing its value, and proof taken in support of the allegation by affidavit. The non-resident infants were before the court by constructive service, and an answer filed in their behalf by their guardian ad litem and attorney, who had been previously appointed to defend.
The court being satisfied that the property could not be divided without greatly impairing its value, ordered a sale .upon a credit of six, twelve, and eighteen months, and directed the bonds for the purchase money to be taken, payable to the commissioner who was appointed to carry the judgment into effect; but failed to provide, as directed by the section, supra, that the shares of the infants should not be paid by the purchaser, but should remain a lien on the land until they became of age, or *283 bad guardians appointed for them, and bonds given by such guardians, as required by the 86th chap. Revised Statutes.
The property was sold, however, and Todd bought and executed his bonds in conformity with the judgment. And the sale was reported and bonds returned by the commissioner.
Exceptions were taken by the defendants to the report, but were overruled and the sale confirmed; and in the order of confirmation the court directed that the shares of the infants should not be paid by the purchaser, but should remain a lien upon the land until the infants became of age, or guardians were appointed and bonds given, as directed by the Revised Statutes, chap. 86, p. 591.
At a subsequent term of the court, and after the maturity of the bonds, the adult plaintiffs took a rule against Todd to compel payment of their shares of the purchase money, and he responded, resisting the rule upon the ground that the proceeding and sale were irregular and void, and passed no title to the property. The rule was, however, made absolute, and he required to pay, and from that order he has appealed.
No doubt could exist as to the purchaser’s right to resist the payment of the purchase money in this case, if the proceedings had to be tested by the provisions of the 86th chap, of the Rev. Statutes, supra, as is contended by appellant.
Several prerequisites demanded by that chapter, and which are indispensable to confer jurisdiction upon the court to which application may be had for the sale of infants’ real estate, and, without which, sales made thereunder are declared to be void, are wanting in this case.
But such test is not applicable to this proceeding.
By the Civil Code, (sec. 539,) it is provided “ that the provisions of the Revised Statutes, in chapter 86, shall regulate the proceedings for the sale of the real property and slaves of infants, married women, and persons of unsound mind, except as provided in the following sections.”
Among the exceptions is that contained in section 543 in the same chapter, which authorizes the sale of town or city lots held by joint tenants, tenants in common or coparceners, some of whom are infants, upon its being proved that a division thereof *284 would materially impair its value, &c. And which further provides for the protection of the infants by requiring the appointment of suitable persons to take care of their interests, and by postponing the payment of the purchase money until they become of age, &c.
Here, as we have seen, the property sought to be sold was a town lot, held by adults and infants as tenants in common, and the proceeding instituted by the former against the latter for a sale, upon the ground that a division would greatly impair the value of the lot. These facts, appearing as they did by the petition of the adults, certainly conferred jurisdiction upon the court. And as it is nowhere declared that any failure to observe the subsequent requisitions of the section shall render the sale void, such failure, if it exists, can only have the effect of rendering the judgment of sale erroneous. The purchaser of the property at such sale cannot, after its confirmation by the chancellor, and the expiration of the term at which such confirmation was made, resist the payment of the purchase money, upon the ground that the sale, or the proceeding under which it was had, was irregular. If, as in the cases of Carpenter vs. Strother, (16 B. Mon., 289,) and Barrett vs. Churchill, (18 B. Mon., 387,) the circuit court had had no jurisdiction, and by reason thereof the sale had been void, then payment would not be compelled.
The chancellor in this case had no power to go behind the judgment confirming the sale for the purpose of revising the proceedings or of determining the validity of the sale. It is only for the causes mentioned in section 579 of the Civil Code that such power is allowed, (18 B. Mon., 97, 769,) and as the errors complained of, if existing, do not come within those enumerated in either sub-division of the section supra, they were not available upon the rule. The judgment, if erroneous, could only be revised at the instance of the parties thereto by a direct appeal to this court.
Nor does the fact that the circuit court ordered the postponement of the payment of the infants’ shares of the purchase money until they became of age, or until guardians were appointed for them, and had given bonds, relieve the purchaser *285 from the payment of the shares going to the adults. It does not appear that the adults procured the order, and their rights resulting from the judgment and sale could not be affected by it. Whatever cause of complaint it may furnish to the purchaser, should he insist upon paying at the periods stipulated in his bonds, and relieving his property of the lien, he cannot rely on it against the adults. They have the right, as he would, to insist upon the stipulations of the bonds, and that right could not be affected by the subsequent order of court.
It seems to us, therefore, that the circuit court properly ruled the appellant to pay the shares of the purchase money due the appellees, Gibbon and Thomas Dowd, and the judgment is affirmed.