## JOHN M. G. PARKER *vs.* CITY OF LOWELL.

An action of tort lies against a city for damages occasioned by the obstruction, owing to negligence on the part of the city, of a natural watercourse, through a culvert under a highway, although the plaintiff is owner of the land on both sides of the highway.

Evidence of an adjustment and settlement of damages sought to be recovered in an action cannot be admitted unless specially pleaded.

In an action against a city for damages suffered by the obstruction of a culvert for a watercourse under a highway, the judge instructed the jury that the burden of proof was on the plaintiff to show that the injury sustained by him was attributable solely to the negligence of the defendants in omitting to remove the obstruction, and that in the absence of any proof of neglect or want of care by the plaintiff or a stranger in any way contributing to the injury or to the obstruction in the culvert, if the defendants through

negligence suffered the culvert to be obstructed, and the injury was caused by reason solely of said obstruction, the defendants would be liable. *Held,* that the defendants had no ground of exception.

In an action for injuries to real estate, damages for loss of rents cannot be recovered unless specially alleged.

ACTION OF TORT for damages occasioned by an obstruction in a culvert, running under River Street in Lowell, to the plaintiff's dwelling-houses on the southerly side, and his shop and stable on the northerly side of that street. The writ was dated September 9th 1856, and contained only a general allegation of damages. Trial before *Bigelow,* J., who, after a verdict for the plaintiff, made this report thereof:

The plaintiff introduced evidence tending to show that between twenty five and thirty years ago this culvert was constructed over a natural stream called Goose Brook, and three feet below the travelled part of the town way in Dracut, (now River Street in Lowell,) to allow a passage for the stream under the highway; that in 1851 this part of Dracut was annexed to Lowell; that the city of Lowell had since often repaired the street over the culvert; (but it did not appear that the city had ever done anything to the culvert, except to cause it to be examined by their agents on several occasions;) that before the injury complained of the plaintiff purchased the houses on the south side of River Street, and the land on the opposite side, and built his shop and stable thereon; that in January and February 1855 there were two freshets in the brook, and the culvert failing to discharge the water, it rose and flowed over the road and injured said buildings; and that the culvert was obstructed so as to cause this injury, and the defendants had notice of the obstruction.

As part of his damages, the plaintiff offered to show a loss, by reason of this injury, of rents of said buildings, which were occupied by his tenants. To this evidence the defendants objected, because there was no allegation of such damage in the declaration. But the judge admitted it, and directed the jury to assess the damages for such loss of rents separately.

The defendants objected that this action could not be maintained, because no action against a city or town would lie at

common law for the alleged negligence, except by indictment. But the judge overruled the objection.

The defendants also contended that, as the plaintiff owned the land on both sides of the street, and therefore owned the soil under the street through which the culvert passed, and would be benefited by the removal of any obstruction in the same, it was his duty to remove it; and that upon this ground this action could not be maintained. But the judge overruled this objection. No evidence was offered that the plaintiff had notice of the alleged obstruction before the injury complained of.

The defendants called a member of the city government in 1855, who examined the plaintiff's premises after the alleged injury; and offered to prove by him that, while he was at the building, the plaintiff told him that if the city would raise the building and repair the walls on the front, he would be satisfied, and that the defendants made such repairs accordingly; and for this reason they contended that the plaintiff could not maintain his action. Upon objection, the judge ruled that this evidence was incompetent and inadmissible as tending to show accord and satisfaction, because no such matter was set forth in the answer; but admitted the plaintiff's statements respecting the injuries he had actually sustained, as tending to show his claim and amount of damages.

The defendants introduced evidence tending to show that this freshet of February 1855 was the greatest surface freshet which had ever occurred in Lowell, and that the water flowed in such abundance that the streets were generally inundated.

The judge was requested by the defendants to instruct the jury as follows: " 1st. That if this action can be maintained, and if the jury find that the foundation of the plaintiff's buildings were built of bad materials and upon sand, shavings and other base materials, which were insufficient to sustain them in such a place, and so the plaintiff was himself in fault, he cannot recover. 2d. That if the jury find that the plaintiff owned the buildings and three fourths of the land extending around the culvert, and knew there was any obstruction in the culvert, it was a part of his duty to remove the obstruction himself, or to

give notice to the city of the obstruction; and under the cir-
cumstances no stricter diligence would be required of the city
than would be required of him. 3d. That if the jury find that
the plaintiff was in any way in fault as to the insufficiency of
the foundations of his buildings, or in not removing the obstruc-
tion, if there was any, or in not giving notice of the same, if
there was any within his knowledge, he cannot recover. 4th
That the burden of proof was upon the plaintiff, as well to sat-
isfy the jury that he was not himself in fault, as to prove that
the defendants were guilty of negligence."

But the judge instructed the jury " that the burden of proof
was upon the plaintiff to show that the injury sustained by him,
if any, was attributable solely to the negligence of the defend-
ants in omitting to remove obstructions from the culvert; that
it was the legal duty of the town to use due and reasonable
care, such as persons of ordinary prudence and discretion would
use under like circumstances, to keep the culvert free from ob-
structions; that in the absence of any proof of neglect or want
of care by the plaintiff or third persons in the mode of erecting
the walls and buildings of the plaintiff, or in any other respect
contributing to the injury, or to the alleged obstruction in the
culvert, if the city, through the negligence and carelessness of
their agents, suffered the culvert to become obstructed or filled
up, and thereby, and by reason solely thereof, the water flowing
in the culvert was dammed up and kept back, so that it over-
flowed the premises of the plaintiff and caused injury to the
plaintiff's property, the defendants would be liable in this action
for the damages thereby occasioned."

*T. Wentworth & A. R. Brown,* for the defendants. 1. This
action cannot be maintained. At common law no cause of
action exists against a *quasi* corporation, such as a town, for a
mere non-feasance. 2 Kent Com. (6th ed.) 274. *Russell* v. *Men
of Devon,* 2 T. R. 667. *Riddle* v. *Proprietors of Locks & Ca-
nals,* 7 Mass. 169. *White* v. *Charleston,* 2 Hill S. C. 271. The
inhabitants of a town are not a corporation capable of suing
or being sued, except as provided by statute. Rev. Sts. *c.* 15,
§ 10; *c.* 44, § 1. 1 Bl. Com. 475 At common law no action lies

against a town for injuries sustained by reason of a defect in a highway. *Mower* v. *Leicester*, 9 Mass. 247. *Holman* v. *Townsend*, 13 Met. 297. *Brady* v. *Lowell*, 3 Cush. 121. *Sawyer* v. *Northfield*, 7 Cush. 490. The obstruction was not the direct and proximate cause of the injury. *Tisdale* v. *Norton*, 8 Met. 388. *Holman* v. *Townsend*, 13 Met. 297. *Call* v. *County Commissioners*, 2 Gray, 232. *Peck* v. *Ellsworth*, 36 Maine, 393. The injury was caused by the act of God, and no ordinary care would have prevented it; and the city is not liable for damages occasioned by an extraordinary flood. The plaintiff owned the land through which the culvert was built, and was bound to keep it free from obstructions.

2. The evidence of an adjustment and settlement of damages should have been admitted.

3. The jury should have been instructed that the burden of proof was upon the plaintiff, as well to satisfy them that he was not himself in fault, as that the defendants were guilty of negligence. This was not covered by the instructions given.

4. Damage accruing from loss of rent was a material fact, which should have been specially alleged, that the defendants might be prepared to meet it; and not having been alleged, should not have been allowed to be proved.

*B. F. Butler*, for the plaintiff, on the question of damages, cited *Iveson* v. *Moore*, 1 Ld Raym. 491; *White* v. *Moseley*, 8 Pick. 356.

This case was decided in October 1859.

BIGELOW, J. 1. There can be no doubt that the defendants were liable in this action on the facts which must have been found by the jury in rendering a verdict for the plaintiff under the instructions given to them by the court. It is now the well settled rule of law in this commonwealth that in all cases wher a highway, turnpike, bridge, town way or other way is laid across a natural stream of water, it is the duty of those who use such franchise or privilege to make provision by open bridges, culverts or other means for the free current of the water, so that it shall not be obstructed and pent up to flow back on lands belonging to the riparian proprietors. And it is their duty not only to

make such bridge, culvert or passage for water, but to keep it in such condition that it shall not obstruct the stream. *Rowe* v. *Granite Bridge*, 21 Pick. 344. *Anthony* v. *Adams*, 1 Met. 284. *Lawrence* v. *Fairhaven*, 5 Gray, 116. *Perry* v. *Worcester*, 6 Gray, 544.

2. Evidence tending to show an adjustment of damages with the plaintiff, and a satisfaction thereof in whole or in part, was rightly excluded. No such ground of defence was set forth in the answer, and as it was clearly matter in discharge of the action, it was necessary to plead it in order to render proof of it admissible. *St.* 1852, *c.* 312, § 18.

3. The case was submitted to the jury under instructions which embodied so much of the defendants' prayers as was consistent with the rules of law. The damage caused to the plaintiff's property was found by the jury to have been occasioned solely by the negligence of the defendants, to which no improper or careless act or omission of the plaintiff in any degree contributed.

4. The loss of rents, suffered by the plaintiff, cannot be recovered in this action. This was in the nature of special damages, not necessarily resulting from the careless or negligent act of the defendants, which should have been specially set forth in the declaration, in order that the defendants might have notice of this claim and be prepared to meet it. *Baldwin* v. *Western Railroad*, 4 Gray, 333. But as this item of damages was assessed separately by the jury, the plaintiff can remit so much of the amount of the whole verdict as is equivalent to the sum of the rents thus found to have been lost, and thereupon the entry will be                                   *Judgment on the verdict.*