CASE 9———————DECEMBER 20.

## Megowan vs. Pennebaker, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

An order of a court of equity, confirming a commissioner's sale made under its direction, is a *final* order or judgment, which cannot—upon the response of the purchaser to a rule issued against him requiring him to pay the purchase money into court or show cause to the contrary—be vacated, after the time when the court ceases to have power over its final judgments or orders. In the Louisville chancery court this time is sixty days after their rendition. (*Civil Code, sec.* 800.) If, however, the sale can be shown to be *void*, the chancellor may disregard the order of confirmation, and relieve the purchaser. (18 *B. Mon.*, 390; 1 *Met.*, 281.)

W. T. Haggin, for appellant, cited *Bliss vs. Ames, &c., MS. opin.,* 1857; *Sugden on Vendors,* 69; 2 *Dan. Chy. Prac.,* 1455, 1458, 1462; 1 *Vesey,* 66; 3 *Sumner,* 318.

G. A. & I. Caldwell, for appellees, cited 1 *Met.,* 284; *Civil Code, sec.* 800.

Dembitz & Bijur, on same side, cited *Civil Code, secs.* 579, 577, 575, 903, 581.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

Under a judgment of the Louisville chancery court, directing a sale of certain real and personal estate which had been conveyed by Culver to Dent, in trust for the payment of the debts of the former, the marshal of that court sold, on the 26th July, 1856, a house and lot, of which Megowan became the purchaser at the price of $6,350, payable in seven install-

ments. The sale was reported to court on the 8th day of September, 1858, and on the 22d day of the same month, no exceptions having in the meantime been filed, the report was approved and the sale confirmed.

Three of the installments were paid by Megowan, and the fourth having become due and remaining unpaid, a rule issued on the 12th November, 1860, requiring him to pay the money into court, or show cause to the contrary. Megowan responded to the rule, claiming to be released from his contract of purchase on the ground that at the time of the sale and purchase Culver had a wife, who was still living, who had and yet has an inchoate right of dower in the property, and who would, in the event of Culver's death, she surviving, be entitled to dower; and that of this fact he was unapprised when he made the purchase.

The response was held insufficient, and the rule made absolute. From that judgment Megowan has appealed.

The first and only question necessary to be decided is, had the court power to rescind the contract or to vacate the order confirming the sale, in this form of proceeding, even conceding that the response set forth any valid ground of relief.

We think it very clear that the court had no such power. By one of the provisions of the Civil Code, regulating proceedings in the Louisville chancery court, it is declared that "the power which the court has heretofore had over its orders and decrees, during the term in which they are rendered, shall continue as to any *final judgment or order* for sixty days after its rendition." (*Section* 800.)

If then the order confirming the sale is to be considered a *final* order or judgment, it was of course beyond the power of the court after the lapse of sixty days from its rendition. And that such was the character of the order in question is obvious. It operated to establish irrevocably the right of the purchaser to hold the land, and the corresponding right of the other parties to have the proceeds. If, in such cases, the sale can be shown to be *void*, of course the chancellor may disregard the order of confirmation and relieve the purchaser. This was the view taken by this court in the two cases of

*Barrett vs. Churchill*, (18 *B. Mon.*, 390,) and *Todd vs. Dowd's heirs*, (1 *Met. Ky. Rep.*, 281.)

Without deciding therefore any other question arising on the response, we are of opinion that, for the reason indicated, the court below properly made the rule absolute.

The judgment is affirmed.