*John T. Hazelrigg, for appellants. H. C. Lilly, for appellees.*

---

### Lewis Adkins *v.* W. C. Gillis, et al.

**Judicial Sale After Confirmation—Not Set Aside.**

> After a judicial sale has been confirmed it cannot be set aside for mere deficiency in quantity or for errors in the boundary.

APPEAL FROM WHITLEY CIRCUIT COURT.

November 2, 1878.

OPINION BY JUDGE COFER:

After a judicial sale has been confirmed it cannot be set aside for mere deficiency in quantity or for errors in the boundary.

Caveat emptor applies, and it requires a stronger case to set aside the sale than to set aside a private sale which has been executed by a conveyance. The purchaser at a judicial sale must look to the judgment and record under which he buys, and to the title to the property, and after the sale is confirmed he cannot escape the payment of the bonds on account of a simple deficiency in quantity or error in boundary. *Todd v. Dowd's Heirs,* 1 Met. 281; *Megowan v. Pennebaker,* 3 Met. 501.

That Williams was not a party does not affect the validity of the sale.

Judgment *affirmed.*

*R. D. Hill, for appellant.*