52 193|<br>102 77|

## HANGER v. THE CITY OF DES MOINES.

1. **Municipal Corporation:** CITIES: POWER TO OFFER REWARDS. A city organized under the general incorporation laws of this State has no power to offer a reward for the detection of criminals.

*Appeal from Polk Circuit Court.*

SATURDAY, OCTOBER 25.

THE city of Des Moines, by the proclamation of its mayor, issued on the 10th day of September, 1874, offered a reward of $500 to any person who would give such information as would lead to the arrest and conviction of the murderer or murderers of Ella Barrett. The offer of said reward was authorized by a resolution of the city council. The plaintiff, in his petition, alleges that he discovered said murderers and revealed such facts and gave such information to the authorities as led to their conviction, and that upon their conviction the said city became indebted to him in the amount of said

reward. The defendant answered, averring that it is a municipal corporation organized under the general incorporation laws of this State, and that it has no authority to offer a reward for the apprehension of persons guilty of the crime of murder, or any other violation of the laws of the State.

To this answer there was a demurrer which was overruled. Plaintiff appeals.

*Maxwell & Witter,* for appellant.

*Bryan & Bryan,* for appellee.

ROTHROCK, J.—In *Hawk v. Marion County,* 48 Iowa, 472, it was held that a county has no power or authority to offer a reward for the arrest and conviction of a criminal, because there is no statute in this State which expressly or by necessary implication imposes upon counties any duty in respect to the arrest of persons charged with crime.

1. MUNICIPAL corporations: cities: power to offer reward.

It is well settled that a municipal corporation can exercise only such powers as are expressly granted by statute, and such as are necessarily and fairly implied in, or incident to, those conferred by express grant and "those essential to the declared object and purposes of the corporation." Dillon on Municipal Corporations, Vol. 1, Sec. 55.

Tested by this rule, we think the court below correctly held that the defendant was not bound by the resolution of the council and the proclamation of the mayor.

It is not claimed that there is any express statutory authority authorizing the offer of the reward, but that the law imposes a duty upon cities to arrest and procure the conviction of criminals. No statute imposes such duty in express terms. That cities may pass such ordinances as shall be necessary and proper to provide for the safety of the inhabitants, and preserve peace and order therein, is provided by statute, but we do not believe that the offering of rewards for the detection of criminals is necessarily and fairly implied in this general grant of power, nor that it is essential to any declared purpose

of the corporation. If it were doubtful it would be the duty of the courts to deny the power. "Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation and the power is denied." Dillon on Municipal Corporations, Vol. 1, Sec. 55.

AFFIRMED.