HON. EDWARD S. CORNER Town Attorney, Deerpark
This is in response to your letter wherein you state that the Town Board of the Town of Deerpark, County of Orange, pursuant to provisions of Town Law, § 150(2), has established a Board of Police Commissioners consisting of three members. You point out that since the fourth sentence of Town Law, § 150(2), states that the board of police commissioners shall have and exercise all the powers conferred upon the town board pursuant to Town Law, Article 10, relative to police matters and ask for an opinion of the Attorney General whether or not such power would extend to the appointment of a chief of police and such officers and patrolmen as may be needed and to fix the compensation of such chief, officers and patrolmen. You also ask if such Board of Police Commissioners would be authorized to pay all or part of the costs of the uniforms and its equipment and purchase such equipment including patrol vehicles and emergency service vehicles.
Town Law, § 150(1), provides, in part:
 "1. The town board of any town may establish a police department and appoint a chief of police and such officers and patrolmen as may be needed and fix their compensation. * * * The town board may, at its option, determine that the town shall pay all or part of the cost of the uniforms and necessary equipment of its policemen, and may purchase such equipment for use by the police department as it shall deem necessary, including police patrol vehicles, and emergency service vehicles for police use in connection with accidents, public calamities or other emergencies. * * *" (Emphasis supplied.)
Town Law, § 150(2), further provides, in part:
 "2. The town board of a town in which such a police department has been established at any time by resolution may establish a board of police commissioners for such town * * * When either of such boards of police commissioners shall have been established or supervisor designated as police commissioner, such board of police commissioners or police commissioner shall have and exercise all the powers relative to police matters conferred upon the town board pursuant to this article. * * *" (Emphasis supplied.)
The power to establish a town police department and appoint a chief of police and such officers and patrolmen as may be needed and fix their compensation as provided for in Town Law, § 150(1), is specifically given to the town board and the town board isspecifically further authorized, at its option, to pay all or part of the costs of the uniforms and necessary equipment of its policemen and make purchases of such equipment for the police department as it shall deem necessary. After a police department has been established pursuant to provisions of Town Law, §150(1), a town board is authorized pursuant to provisions of Town Law, § 150(2), to establish a board of police commissioners for such town but only for the purpose of administering the procedural aspects of such police department as authorized under Town Law, § 154 and other provisions contained in Town Law, Article 10.
In Seaman v. Fedourich, 16 N.Y.2d 94 (1965), it was stated:
 "It is axiomatic that local governmental units are creatures of, and exercise only those powers delegated to them by, the State * * *."
In Wells v. Town of Salina, 119 N.Y. 280 (1890), a landmark case relating to the question of powers of municipalities, Judge Earl noted:
 "In Hanger v. City of Des Moines (52 Iowa 193), it was said: `It is well settled that a municipal corporation can exercise only such powers as are expressly granted by statute, and such as are necessarily and fairly implied in, or incident to, those conferred by express grant, and "Those essential to the declared object and purpose of the corporation."' And to the same effect are the following authorities: Minot v. Inhabitants of West Roxbury (supra); Anthony v. Adams (1 Met. 284); Parsons v. Inhabitants of Goshen (11 Pick. 396); Lemnon v. City of Newton (134 Mass. 476); Cornell v. Town of Guilford (1 Denio, 510); Board of Supervisors v. Ellis, (59 N.Y. 620)."
It is apparent that the power to establish a town police department and appoint a chief of police and such officers and patrolmen as may be needed and fix their compensation is vested only in the town board of any town. The town board is also specifically authorized, at its option, to determine that the town shall pay all or part of the costs of the uniforms and necessary equipment of its policemen and make purchases of such equipment and may also purchase, inter alia, police patrol vehicles. A board of police commissioners created after the town board has established a police department is not authorized to exercise such powers nor is the town board authorized to delegate such powers to it.