HON. RUSSELL A. PARNELL Mayor, Fayetteville
This is in response to your letter wherein you ask for an opinion of the Attorney General whether the Board of Trustees of the Village of Fayetteville has the power to grant a variance without consulting the Board of (Zoning) Appeals of the Village of Fayetteville.
Village Law, § 7-700, empowers the board of trustees, interalia, of a village by local law to regulate and restrict the height, number of stories and size of buildings, the percentage of lot that may be occupied, the density of population, location and use of buildings and land for trade, residence or other purposes. Such regulations shall provide that a board of appeals may make variances in harmony with the general purpose and intent.
Village Law, § 7-702, provides:
 "For any or all of said purposes the board of trustees may divide the village into districts of such number, shape and area as may be deemed best suited to carry out the purposes of this article; and within such districts it may regulate and restrict the erection, construction, reconstruction, alteration, repair or use of buildings, structures or land. All such regulations shall be uniform for each class or kind of buildings throughout each district but the regulations in one district may differ from those in other districts."
Village Law, § 7-708(1), further provides, in part:
 "1. Such regulations, restrictions and boundaries may from time to time be amended, supplemented, changed, modified or repealed by the board of trustees. * * * The provisions of the previous section relative to public hearings shall apply equally to all changes or amendments."
Village Law, § 7-712(1), mandates that a village board of trustees shall establish a board of (zoning) appeals.
Village Law, § 7-712(2), provides, in part:
 "2. Such board of appeals shall hear and decide appeals from and review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinances or local laws adopted pursuant to this article. * * *"
* * *
 "(c) The board of appeals shall fix a reasonable time for the hearing of the appeal and give due notice thereof to the parties, and decide the same within sixty-two days after the final hearing. * * * Where there are practical difficulties or unnecessary hardships in the way of carrying out the local law or ordinance, the board of appeals shall have the power in passing upon appeals, to vary or modify the application of any of the provisions of such local law or ordinance relating to the use, construction or alteration of buildings or structures, or the use of land, so that the spirit of the local law or ordinance shall be observed, public safety and welfare secured and substantial justice done." (Emphasis supplied.)
In substance, Village Law, § 7-700, grants power to villages to adopt zoning regulations by local law (formerly they could be adopted either by local law or ordinance) and requires that such regulations provide that a zoning board of appeals may determine and vary the application of the regulations in harmony with the general purpose and intent of the local law (or ordinance) and in accordance with general or specific rules therein contained. Section 7-708(1), relates to the amendment, supplementation, change, modification or repeal of regulations, restrictions and boundaries by the village board.
The Village of Fayetteville zoning ordinance was adopted by the Board of Trustees of the Village of Fayetteville on January 8, 1962, as Appendix A of the Code of Ordinances of the Village of Fayetteville. Section I(C)(1), provides for a Board of Appeals consisting of five members. Section I(C)(2), provides, in part, as follows:
 "The Board of Appeals shall have all the powers and duties prescribed by law and by this ordinance which are more particularly specified as follows:
* * *
 "c. Variances. Upon appeal to vary or adapt the strict application of any of the requirements of this ordinance in the case of exceptionally irregular, narrow, shallow or steep lots, or other exceptional conditions, whereby such strict application would result in practical difficulty or unnecessary hardship that would deprive the owner of the reasonable use of the land or building involved, but in no other case. The village board desires the right to grant variances without published notice thereof or holding a public hearing. No variance in the strict application of any provision of this ordinance shall be granted by the Board of Appeals unless it finds * * *." (Emphasis supplied.)
At the time the Village of Fayetteville zoning ordinance was adopted, the substance of the now Village Law, § 7-712, relating to establishment and powers of a village board of appeals, was contained in the then Village Law, § 179-b. Laws of 1972, chapter 892, effective September 1, 1973, enacted a new Village Law and repealed the former Village Law, which was added by Laws of 1909, chapter 64.
Also, at the time the Village of Fayetteville zoning ordinance was adopted, the Village Home Rule Law, Laws of 1940, chapter 823 was in effect giving home rule powers to villages having a population of 5,000 or more as determined by the federal census and including a village whose population by federal census thereafter shall be 5,000 or more (section 2 of the then Village Home Rule Law).
The Legislative Manual of the State of New York, dated 1974, lists the population of incorporated villages of the State commencing at page 1229 noting that the population in 1960 of the Village of Fayetteville was 4,311 and in 1970 was 4,996. The Village of Fayetteville never had a population in excess of 5,000 prior to 1962. Accordingly, in 1962 the Village of Fayetteville did not have the authority to exercise home rule powers but even if it had it was not authorized to do so by ordinance.
The Village Home Rule Law was repealed in its entirety by Municipal Home Rule Law, § 58, effective January 1, 1964. The Village of Fayetteville would not now be authorized to adopt a local law pursuant to provisions of Municipal Home Rule Law amending provisions of Village Law, § 7-712(2)(c) providing that "The village board desires the right to grant variances without published notice thereof or holding a public hearing." (The apparent intent of the quoted wording was to reserve the right to the Board of Trustees of the Village of Fayetteville to grant variances.)
New York State Constitution, Article IX, § 2(c), provides, in part:
 "(c) In addition to powers granted in the statute of local governments or any other law, (i) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to its property, affairs or government * * *"
Municipal Home Rule Law, § 10(1)(i), implements the constitutional provision in similar language.
New York State Constitution, Article IX, § 3(d)(1), provides:
 "(d) Whenever used in this article the following terms shall mean or include:
 "(1) `General law.' A law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages." (Emphasis supplied.)
Municipal Home Rule Law, § 2(5), contains similar language.
Village Law, § 7-712, relating to the appointment of a board of appeals and prescribing its power is a general law within the purview of New York State Constitution, Article IX, § 3(d)(1) and Municipal Home Rule Law, § 2(5).
Appendix A of the Code of Ordinances of the Village of Fayetteville, § I(C)(2)(c), which provides that the Village Board desires the right to grant variances without public notice or holding a public hearing, must yield to the provisions of Village Law, § 7-712(2)(c), which grants such right to the Board of Appeals on notice and public hearing.
In Wells v. Town of Salina, 119 N.Y. 280 (1890), a landmark case relating to the question of powers of municipalities, Judge Earl noted:
 "In Hanger v. City of Des Moines (52 Iowa 193), it was said: `It is well settled that a municipal corporation can exercise only such powers as are expressly granted by statute, and such as are necessarily and fairly implied in, or incident to, those conferred by express grant, and "Those essential to the declared object and purpose of the corporation."' And to the same effect are the following authorities: Minot v. Inhabitants of West Roxbury * * *; Anthony v. Adams (1 Met. 284); Parsons v. Inhabitants of Goshen (11 Pick. 396); Lemnon v. City of Newton
(134 Mass. 476); Cornell v. Town of Guilford (1 Denio, 510); Board of Supervisors v. Ellis,
(59 N Y 620)."
From all of the foregoing, we conclude that while the Board of Trustees of the Village of Fayetteville in the exercise of its legislative power is authorized to amend, supplement, change, modify or repeal regulations, restrictions and boundaries in zoning regulations, the Board of Appeals of the Village of Fayetteville has the sole authority to grant a variance as provided for in Village Law, § 7-712(2)(c) and the Board of Trustees of the Village of Fayetteville may not exercise such authority solely or upon advisement of the Board of Appeals of the Village of Fayetteville; nor, may the Board of Trustees of the Village of Fayetteville by local law grant to itself the power given to the Board of Appeals of the Village of Fayetteville under Village Law, § 7-712(2)(c).