HON. PETER G. STRIPHAS County Attorney, Orange County
This is in response to your recent letter wherein you inquire as to Orange County's power to delegate the authority vested in it by chapter 585 of the Laws of 1975 to a non-profit agency or private industrial developer. Chapter 585 of the Laws of 1975 provides in part:
 "1. Orange county shall have the power to apply to the proper authorities of the United States for a grant of the privilege of establishing, operating and maintaining foreign trade zones and foreign trade subzones under the provisions of the act of congress and, when such grant is issued, to accept such grant and to establish, operate and maintain such foreign trade zones and foreign trade subzones and to do all things necessary and proper to carry into effect the establishment, operation and maintenance of such zones, all in accordance with the act of congress and other applicable law and rules and regulations."
This legislation specifically gives the County of Orange the power to apply to the Federal government for foreign trade zone status and to establish and operate such a trade zone if and when such status was granted by the Federal government.
The legislation contains no specific language which would authorize the County of Orange to delegate its authority granted by this legislation to a nonprofit agency or private industrial developer.
In Seaman v. Fedourich, 16 N.Y.2d 94 (1965), it was stated:
 "It is axiomatic that local governmental units are creatures of, and exercise only those powers delegated to them by, the State * * *"
In Wells v. Town of Salina, 119 N.Y. 280 (1890), a landmark case relating to the question of powers of municipalities, Judge Earl noted:
 "In Hanger v. City of Des Moines (52 Iowa 193), it was said: `It is well settled that a municipal corporation can exercise only such powers as are expressly granted by statute, and such as are necessarily and fairly implied in, or incident to, those conferred by express grant, and "Those essential to the declared object and purpose of the corporation."' And to the same effect are the following authorities: Minot v. Inhabitants of West Roxbury (supra); Anthony v. Adams (1 Met. 284); Parsons v. Inhabitants of Goshen (11 Pick. 396); Lemnon v. City of Newton
(134 Mass. 476); Cornell v. Town of Guilford (1 Denio, 510); Board of Supervisors v. Ellis,
(59 N Y 620)."
It would appear that power to apply for foreign trade zone status and to establish, operate and maintain such trade zone, once such status was granted by the Federal government, is vested only in the Board of Supervisors of the County of Orange. A nonprofit agency or private industrial developer, either existing or created after the passage of this legislation, would not be authorized to exercise such powers nor would the County Board of Supervisors be authorized to delegate such powers to them without such authority being specifically granted by the legislation in question.
You will note that such authority to enter into contracts with non-profit agencies was specifically granted to the Boards of Supervisors of the Counties of Erie and Suffolk by the Legislature when it enacted subdivisions 17 and 18 of section 224
of the County Law.
We are aware that we reached an apparently different conclusion in a recent formal opinion to the Commissioner of the New York State Department of Environmental Conservation (June 25, 1976). The substance of this opinion was that this Department could contract for services in handling subscriptions for The New YorkState Conservationist and The Environment magazines. Our position taken in that formal opinion and the position taken by this informal opinion are distinguishable. Our opinion that the Department of Environmental Conservation was empowered to enter into such contracts was based on a general power granted the Commissioner of Environmental Conservation by section 3-0301 (2) (b) of the Environmental Conservation Law. This statute, while containing general language similar to that contained in the legislation granting Orange County the power to apply for and operate a foreign trade zone, specifically states that the Commissioner has the power to "Enter into contracts with anyperson * * *." The general language empowering Orange County to do all things necessary and proper to establish and operate a trade zone, contained in chapter 585 of the Laws of 1975, makes no such specific mention of contracts with other persons.