HON. ROBERT J. NICHOLSON County Attorney, Oswego County
This is in response to your letter wherein you request our opinion as to whether a County Laboratory operated by the County of Oswego has the authority to enter into a contract through its Board of Managers with a private collection agency for the collection of past due accounts. You indicate that our opinion of 1974, at page 182, suggests that a municipal hospital may not enter into such an agreement. Subsequently, the State Legislature enacted Chapter 252 of the Laws of 1976, which amends General Municipal Law, § 128(5-a). This amendment specifically authorizes a municipal hospital to contract with a private collection agency for the collection of overdue claims and obligations.
Public Health Law, § 520(1), provides:
 "1. The board of supervisors of any county may establish therein a laboratory or laboratories which shall serve the whole or part of the county."
Public Health Law, § 525, provides, in part:
 "The board of managers of each laboratory * * * shall have the following powers and duties:
"(a) to appoint a director * * *
 "(b) to exercise general management and control of the laboratory, of the grounds, buildings, rooms, employees and of all other matters relating to the government, discipline, contracts and fiscal concerns thereof;
 "(c) to make such rules and regulations as may be necessary in relation to the administration of the laboratory and the fees to be charged for laboratory service, not inconsistent with the provisions of this chapter;
* * *
 "(f) to enter into an agreement annually with the governing board of any charitable corporation or municipality operating and maintaining a hospital to provide that the hospital collect fees for laboratory services for the patients in such hospital in the same manner that hospital charges are collected, and forward them to the laboratory, and to provide that the cost of collecting such fees be paid by the county to the hospital in an amount mutually acceptable and in lieu of actual and necessary expenses."
Public Health Law, § 527, provides, in part:
"1. * * * the director * * * shall:
 "(a) equip the laboratory * * * and purchase all necessary supplies within the appropriations made therefor;
 "(b) have general supervision and control of the internal affairs and work of the laboratory;
 "(c) make and enforce such rules, regulations and orders as he may deem necessary, not inconsistent with law or with the rules and regulations of the board of managers, or of the county board of health, whichever is the governing authority;"
In Seaman v. Fedourich, 16 N.Y.2d 94 (1965), it was stated:
 "It is axiomatic that local governmental units are creatures of, and exercise only those powers delegated to them by, the State * * *"
In Wells v. Town of Salina, 119 N.Y. 280 (1890), a landmark case relating to the question of powers of municipalities, Judge Earl noted:
 "In Hanger v. City of Des Moines (52 Iowa 193), it was said: `It is well settled that a municipal corporation can exercise only such powers as are expressly granted by statute, and such as are necessarily and fairly implied in, or incident to, those conferred by express grant, and "Those essential to the declared object and purpose of the corporation."' And to the same effect are the following authorities: Minot v. Inhabitants of West Roxbury (supra); Anthony v. Adams (1 Met. 284); Parsons v. Inhabitants of Goshen (11 Pick. 396); Lemnon v. City of Newton
(134 Mass. 476); Cornell v. Town of Guilford (1 Denio, 510); Board of Supervisors v. Ellis,
(59 N Y 620)."
Rules and regulations established for the administration of a County Laboratory and its fees must be derived from the specific powers and duties of the board of managers and the director of the laboratory enumerated in sections 525 and527 of the Public Health Law. Since the ability to enter into a contract with a collection agency for the collection of past due accounts is not contained in such specific provisions, I conclude that a County Laboratory has no such authority. If the municipal hospital has contacted with a private collection agency pursuant to the recent amendment of General Municipal Law, § 128(5-a), it would appear that the services of the collection agency could be utilized to collect overdue accounts for county laboratory services from hospital patients, where the hospital has entered into an agreement with the laboratory pursuant to Public Health Law, § 525(f) to collect and forward the fees for such services to the county laboratory.