HON. FRANCIS G. CALDERIA Town Attorney, Islip
This is in response to the letter of Ernest J. Cannava, Assistant Town Attorney, received May 24, 1977, wherein he asks for an opinion of the Attorney General relating to the following. He states that the Town of Islip is plagued with litterers within the boundaries of its jurisdiction and would like to stage a massive enforcement program against violators of the Town's litter ordinance. In order to promote such program the Town Board is considering the offering of a bounty to any person who discloses a litterer to the Town. The opinion request raises the question whether or not the Town of Islip is authorized to offer such bounty.
We have carefully researched the law and find no statute whereby a town is authorized to offer bounties to persons who disclose litterers to the town.
In Wells v. Town of Salina, 119 N.Y. 280 (1890), a landmark case relating to the question of powers of municipalities, Judge Earl noted:
 "In Hangar v. City of Des Moines (52 Iowa 193), it was said: `It is well settled that a municipal corporation can exercise only such powers as are expressly granted by statute, and such as are necessarily and fairly implied in, or incident to, those conferred by express grant, and "Those essential to the declared object and purpose of the corporation." 'And to the same effect are the following authorities: Minot v. Inhabitants of West Roxbury * * *; Anthony v. Adams (1 Met. 284); Parsons v. Inhabitants of Goshen (11 Pick. 396); Lemnon v. City of Newton (134 Mass. 476); Cornell v. Town of Guilford (1 Denio, 510); Board of Supervisors v. Ellis, (59 N.Y. 620)."
Also, in Seaman v. Fedourich, 16 N.Y.2d 94, 101 (1965), Judge Fuld, stated:
 "It is axiomatic that local governmental units are creatures of, and exercise only those powers delegated to them by, the State * * *."
New York State Constitution, Article VIII, § 1, provides in part:
 "No county, city, town, village or school district shall give or loan any money or property to or in aid of any individual, or private corporation or association, or private undertaking * * *."
In view of the above constitutional provision and in the absence of legislative authority, we conclude that the Town of Islip is not authorized to offer or pay a bounty to any person who discloses a litterer to the Town.