No. 23,021.

AMALIE ZAHN, *Appellant*, v. THE BOARD OF COUNTY COMMIS-SIONERS OF THE COUNTY OF OTTAWA et al., *Appellees*.

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Public Road Established—Claim for Damages Presented and Disallowed—No Appeal—Right to Claim Damages Ended.* Where a road is established by a board of county commissioners and a landowner presents a claim for damages because of the establishment of the road, which is not allowed, and no appeal is taken by him from the order, his right to claim damages is then ended and the board of county commissioners is without authority thereafter to allow his claim of damages.

2. SAME—*Passageway Under Road for Cattle.* The fact that the board thereafter made an allowance towards the building of a passageway for cattle to pass under the road, which was maintained by the township authorities for a number of years, did not create an obligation against the county to maintain the passageway.

Appeal from Ottawa district court; DALLAS GROVER, judge. Opinion filed April 9, 1921. Affirmed.

*Park B. Pulsifer, Charles L. Hunt,* and *Clyde L. Short,* all of Concordia, for the appellant.

*E. C. Sweet, F. D. Boyce,* and *E. G. Smith,* all of Minneapolis, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: By this proceeding Amalie Zahn asked for a mandatory injunction to compel the commissioners of Ottawa county to restore a pass or chute which had been built

under a highway that separated plaintiff's lands. The injunction was refused and plaintiff appeals.

Upon regular proceedings the road was located and established in 1888, and as established it separated a forty-acre tract of land on which there was a creek and abundant water, from a quarter section of upland on which there was no running water. William Zahn, the husband of the plaintiff, who then owned the land, presented a claim of $100 as damages which was refused by the viewers, and the report of the viewers was adopted by the commissioners. No appeal was taken from the disallowance. About three years later, in 1891, Zahn appeared before the board of county commissioners and again presented a claim for damages for the separation of his tracts of land. Instead of allowing damages the board agreed that a pass or chute might be built under the road through which the owner's cattle might pass from one tract to the other at a cost to the county not to exceed $75, the rock for the pass to be furnished by Zahn. Accordingly the township trustee built the pass, for which the board on October, 1891, issued a county warrant for $73. Afterwards and until August, 1917, the township maintained the road and pass, and from time to time repaired the same without expense to the landowner. For a considerable time before August, 1917, the pass was out of repair and was an obstruction to public travel. The plaintiff refused to repair it or furnish any part of the labor and material necessary to put it in repair. The trustee of the township, on the order of the county engineer, directed that the passageway be filled and the road graded over it. When this was done this present action was brought. The trial court held that the action of the commissioners in ordering and making an allowance for a pass had no binding effect upon the county and therefore denied the injunction.

When the landowner presented a claim for damages in 1888, which was refused, and failed to take an appeal from the order, his rights in that regard were ended. It is urged that the action of the board did not amount to an order of refusal. The viewers reported that the claim for damages had been made which was not allowed, and the board, although Zahn was presenting his claim for damages, adopted the viewers' report as it was made and ordered the opening of the road.

This was a denial of the claim and a final order from which Zahn could have appealed. The subsequent action of the board in donating $73 towards the building of a pass was without authority and certainly created no obligation upon the county or township to maintain the pass or to rebuild it twenty-five years later. The claim for damages was adjudicated in October, 1888, and when no appeal was taken from the order within ten days after it was made it became a finality. Thereafter the board was not authorized to reopen the question and make an award of damages. The contribution then made was a matter of grace, and the fact that the township authorities maintained the pass for many years afforded no basis for holding that the county or township authorities must maintain it indefinitely. It is urged that there was a dispute between the landowner and the county as to damages, that the board had a right to compromise claims, and that the order in 1891 was in fact a compromise which was binding upon the county. When no appeal was taken the right of Zahn to damages was extinguished, and thereafter no claim for damages existed which the board had power to compromise.

Some other objections are made to rulings, but in the view that has been taken in the case they are not deemed to be material.

The judgment is affirmed.