No. 25,122.

A. Haucke and Mary T. Haucke, *Appellants*, v. The Board of
County Commissioners of the County of Morris, *Appellees.*

SYLLABUS BY THE COURT.

Roads and Highways.—*Laying Out Public Road—Contract by County Com-
missioners to Build and Maintain a Runway for Cattle Under a Public Road
is Ultra Vires and Void.* In the establishment and opening of a public road,
a board of county commissioners has no authority to enter into a contract
with a landowner through whose land the road is laid, to build and main-
tain a chute or runway across and under the highway through which live
stock can pass from one tract to the other.

Appeal from Morris district court; Cassius M. Clark, judge. Opinion filed
March 8, 1924. Affirmed.

*Edwin Anderson,* of Council Grove, and *W. S. Kretsinger,* of Emporia, for
the appellants.

*Walter M. Doggett,* county attorney, for the appellees.

The opinion of the court was delivered by

Johnston, C. J.: This is an appeal from a ruling sustaining a
demurrer to plaintiffs' petition in which he asked for damages be-
cause of the failure of the board of county commissioners to com-
ply with its agreement with plaintiffs to build and maintain a run-
way for cattle across and under a highway which had been estab-
lished through the plaintiffs' land. According to the averments of
the petition the plaintiffs are the owners of about one thousand acres
of land, that a petition for laying out a road through the land was
presented to the board upon which viewers were appointed, who
viewed and surveyed the road, reporting that public convenience
and utility warranted the establishment of the road. There was no
allowance of damages but the viewers recommended that a runway
for stock be built at a certain point on the road. This report was
approved by the board and an order made to open and improve it
for public travel. It is alleged that practically all of the land
through which the road runs was used for pasture, and that water
for all of it is on one side of the road so that it is necessary for cattle
to pass across the road to obtain water. It is stated that the board
orally agreed with plaintiffs as a part of the consideration for dam-
ages that it would build and maintain a runway for stock across and

under the road through which the stock could pass and that it should be suitable for that purpose. It is further alleged that the board did build a passageway which is insufficient and unsuitable for the purpose stated and in violation of the agreement made. Plaintiffs aver that the failure of the defendant to comply with its agreement has lessened the value of their land to the extent of $10,000 for which they asked judgment.

It does not appear that any damages were asked at the time the viewers reported and the road was opened, but plaintiffs rely upon the alleged agreement and noncompliance therewith.

The defendant contends that the commissioners had no authority to enter into the alleged agreement and it is therefore *ultra vires* and unenforceable. It is further argued that if proper damages were not allowed the remedy of plaintiffs was an appeal from the order of the board and that the commissioners have already exceeded their authority in building any runway and are without authority to build or maintain a larger one.

While the board of county commissioners represent the county and are entrusted with the control of all its business and financial affairs, their powers are limited by statute. The enumerated powers do not authorize boards to enter into contracts to build and maintain runways for the convenience or benefit of landowners. (R. S. 19-212.) When a road is opened claims for damages may be considered and determined and if the awards made are not satisfactory appeals may be taken to the district court. (R. S. 68-106, 68-107.) In the absence of express authority the damages sustained by a landowner cannot be adjusted or allowed in any manner other than is prescribed by statute. Every landowner is bound to take notice of the powers conferred on the board and cannot insist on the fulfillment of promises or agreements which the board was without authority to make. For instance, when a board of county commissioners contracted to employ a private person to render services in aid of the collection of taxes for which provision had otherwise been made, it was declared to be *ultra vires*, and that it must be presumed that those employed had knowledge of the illegality of the contract and could not recover on *quantum meruit* for services already performed. (*The State v. Dickinson County*, 77 Kan. 540, 95 Pac. 392). It has also been decided that an offer or agreement to pay an award for the arrest and conviction of a person charged with a crime was

outside of the powers granted to the board, and therefore without binding effect. (*Felker v. Elk County*, 70 Kan. 96, 78 Pac. 167.) In a late case where an established road so divided an owner's land that the running water was wholly on one side of the road, the board entered into an agreement with the landowner to contribute and did pay a certain sum towards the building of a pass or chute under a road through which the owner's cattle might pass from one tract to the other. A pass or chute was built and maintained by the township for a time, but later the trustee ordered that the pass be closed and the road graded over it. The landowner had claimed damages but instead of allowing damages the board agreed that the pass be built. No appeal was taken from the order disallowing damages and it was held that the agreement and action of the board had no binding effect upon the county and the compromise agreement was held to be void. (*Zahn v. Ottawa County*, 108 Kan. 741, 196 Pac. 1060.) There was the same lack of authority in the present case and the plaintiffs cannot base a claim for damages against the county on the nonperformance of the unauthorized agreement. It is so well settled that boards of county commissioners have and can exercise only such powers as are expressly conferred or necessarily implied from those expressly granted that a citation of authorities is unnecessary. Acts done beyond the powers conferred on the board are void and it must be held that the decision of the trial court in holding void the agreement in question was correct and its judgment is therefore affirmed.