EDWARD J. MURPHY, APPELLANT, VS. THE CITY OF JACKSON-
VILLE, APPELLEE.

1. Municipal councils of cities and towns in this State are prohibited by
law from levying taxes for other than the purposes of their own
government. They have no power to lay taxes to pay the ex-
penses of detecting and prosecuting persons charged with murder
and arson.

2. The Mayor and Council of a city or town cannot create an indebted-
ness to be paid by taxation by offering a reward for the apprehen-
sion and conviction of criminals punishable under the laws of this
State.

3. A demurrer to a plea, however bad the plea may be, reaches back to
the declaration, and if that be bad the judgment overruling the
demurrer must be sustained.

Appeal from the Circuit Court for Duval county.
The facts of the case are stated in the opinion.

C. P. Cooper and M. C. Jordan for Appellant.

John Earle Hartridge for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

Murphy brought suit against the City of Jacksonville to
recover the amount of a reward offered by the Mayor, un-
der a resolution of the council of the city, "for the arrest
and conviction of the person or persons who set fire to the
store and murdered Jacob J. Syples on the night of Octo-
ber 11, 1878." Plaintiff alleges that he, confiding in the
condition of said offer, arrested two persons for the com-
mission of said crimes, and on the first of May, 1879, fur-
nished evidence against one of them by reason whereof he
was convicted of the said murder and sentenced to punish-
ment by the judgment of the Circuit Court, wherefore the
said city became indebted to him, &c.

The defendant pleaded that the city in the exercise of

its discretion as a *quasi* sovereignty adjudicated the claim of plaintiff and refused to pay the plaintiff, but determined that one Hoey was entitled to the reward and paid it to him.

Plaintiff demurred to this plea but the demurrer was overruled and final judgment rendered against plaintiff, from which he appeals.

Many English and American cases are cited to show that cities, like individuals, in virtue of their general police power, may become liable to pay rewards offered by the municipal authorities for the detection and punishment of certain crimes committed within their borders. This doctrine is concisely stated in 1 Dillon on Municipal Corporations, §91. He states further, §356, that a municipal corporation may at common law enjoy the franchises of holding a court, and municipal courts, which were local or of inferior jurisdiction, were not uncommon.

Whether the liability of the city to pay rewards for the detection and punishment of crimes other than those committed against the municipal ordinances exists, depends in this State upon the character and powers of our municipal governments under the Constitution and acts of the Legislature. This is readily determined by reference to their provisions.

Section 16 of article VI. of the Constitution authorizes the Legislature to " establish courts for municipal purposes only in incorporated cities and towns." Section 6 of Article XII. provides that " the Legislature shall authorize the several counties and incorporated towns in the State to impose taxes for county and corporation purposes, and for *no other purpose.*"

The act to provide for the incorporation of cities and towns (Chap. 1688, Laws of 1869), shows what powers have been granted by the Legislature. Section 11 declares " that

the City or Town Council shall have the power to pass all such ordinances and laws as may be expedient and necessary for the preservation of the public peace and morals, for the suppression of riots and disorderly assemblies and for the good order and government of the city or town, and to impose such pains, penalties and forfeitures as may be needed to carry the same into effect," provided such ordinances are not inconsistent with the laws of the State.

Section 23 provides " that the City or Town Council shall have power to raise by tax and assessment upon all real and personal estate, and by any other constitutional method of taxation within the corporation, any and all sums of money that may be required for the use and good government of the city or town and for carrying out the powers, rights and duties herein granted and imposed."

It is thus shown that the municipal courts are established " for municipal purposes only." Jurisdiction to arrest and try persons charged with offences under the general laws of the State is reserved to the courts established for such purposes, and such jurisdiction is prohibited to the Mayor's courts of cities and towns. The Council has power to pass such ordinances as will enable the Mayor and police to preserve the peace and insure the good order and government of the city. It has also power to regulate, improve, alter, extend and open streets, to prevent encroachments thereon, to suppress disorderly places and practices, &c., and enforce reasonable ordinances passed in furtherance of the general purposes of its existence, and to punish violations of such ordinances.

In the language of Judge Dillon, " it may, however, be observed that the power to make by-laws is limited, and does not extend to acts criminal in their nature, and which are punishable by criminal statutes in force throughout the municipality." Mun. Corp., §356.

The crimes of murder and arson are punishable by the process and proceedings of the courts of the State and not by the municipal courts.

Taxes are levied by the Legislative power of the State to pay for detecting and punishing crimes of that grade, and municipal governments are, of course, prohibited to levy taxes for such purposes. The City Council can levy taxes according to the exact terms of the Constitution and statutes for municipal purposes only.

The natural and very obvious result of these provisions is, that because taxes cannot be levied by the City Council to pay the expenses of detecting and bringing to justice persons guilty of crimes punishable under the general laws, the Mayor and Council cannot create an indebtedness against the corporation for any such purpose, whether by proclamation, resolution or ordinance. And this plainly results in the utter invalidity of the promise of reward for the arrest, obtaining evidence and other proceedings mentioned in the plaintiff's declaration. These are expenses to be borne by the State and cannot lawfully be paid by the city.

We cannot consider the plea in this case, for whether good or bad the plaintiff's demurrer to it involves the question whether the declaration shows a substantial cause of action. Wade vs. Doyle, 17 Fla., 522 ; Sanford vs. Cloud, ib., 532.

The detection of crimes of great magnitude and the discovery of evidence for the conviction of such offenders, are very frequently the work of skilful policemen and detectives who deserve ample reward, but under our laws they must look to the beneficence of the Legislature for compensation. Where no such provision is made by law, or is refused by the Legislature, the incentive to skilful exertions

on the part of policemen and detectives is small indeed. But we must deal with the law as we find it.

In the elaborate brief of counsel for appellant reference is made to cases where suits have been maintained to recover money promised by the Mayor and Common Council of Boston and other cities by way of reward offered for the detection and conviction of criminals, but those cities are invested with ample powers of government, with courts having jurisdiction to punish all classes of offenders, and are liable to pay the necessary expenses of such proceedings. Our cities have no such courts and no such powers, in fact no discretion whatever as to the paying other than certain well defined classes of expenses.

The judgment is affirmed.