[Filed May 8, 1888.]

## THOMAS J. MOUNTAIN, RESPONDENT, v. MULTNOMAH COUNTY, APPELLANT.

BRIBERY—REWARD FOR CONVICTION OF.—The County Court for the county of Multnomah, at the May term thereof, 1886, made an order that a reward of two hundred and fifty dollars be offered for information leading to the conviction of any person who might be guilty of bribery at the coming election in June. M. claimed that he gave information which led to the conviction of W. and C. in the United States court, district of Oregon, for bribing P. at said election, and demanded five hundred dollars reward. *Held*, that the County Court had no authority to make such order. *Quære*, whether the respondent's petition to the County Court contained sufficient facts to entitle him to the reward claimed, even if the offer had been legal; whether the County Court did not intend by the offer of the reward a conviction in the courts of the State for a violation of its statutes; and whether a conviction in a United States court for the violation of any act of Congress would be a compliance with the terms of the offer.

APPEAL from a judgment of the Circuit Court for the county of Multnomah.

*Stott, Waldo, Smith, Stott & Boise,* for Respondent.

*McGinn & Simon,* for Appellant

THAYER, J.—This case arises out of the following facts: On the sixth day of May, 1886, the County Court of Multnomah County made and entered of record an order to the following effect: "At this time it is ordered by the court that a reward of two hundred and fifty dollars be offered for information leading to the conviction of any person who may be guilty of bribery at the coming election in June."

On the ninth day of December, 1886, Thomas J. Mountain, the respondent, filed in said court a petition setting forth the above offer of reward, and praying said court for an order directing payment to him of the sum of five hundred dollars, alleging as a reason therefor that he did, on the day of the general election held on the first Monday in June, 1886, arrest one Herman Wise and one Julius Centner, for the crime of unlawfully bribing one William H. Pearson to vote at said election; and further alleging that he had on June 10, 1886, complained before Paul R. Deady, United States commissioner, of said Wise and said Centner, and furnished such information and proof before said commissioner that said Wise and said Centner were each held to appear before the grand jury, thereafter to be empaneled in the Circuit Court of the United States for the district of Oregon. And further, that he duly appeared before said grand jury, and furnished such information and proof before the same that said Wise and said Centner were each duly indicted for bribery committed in bribing said William H. Pearson unlawfully to vote at said election; that on the 8th of December, 1886, said Wise and said Centner each duly pleaded guilty to said crime as charged in said indictment, and were sentenced.

The petition further alleged that the information furnished by said Mountain solely led to the prosecution and conviction. That on the sixth day of January, 1887, the County Court of said Multnomah County made an order allowing the sum of two hundred and fifty dollars to the said respondent or his assignee for the services performed, as alleged in his petition, upon said respondent, or his assignee, giving a bond in the sum of five hundred dollars, conditioned for the payment to Multnomah

County, Oregon, of said sum of two hundred and fifty dollars, or so much thereof as shall hereafter be made to appear that said county shall be compelled to pay any other person. The said respondent thereupon sued out of the said Circuit Court a writ of review to the said County Court to have the said order reviewed, whereupon the said Circuit Court adjudged and determined that the same be reversed, and that the said Mountain be allowed the sum of five hundred dollars on account of his said claim, and by an order thereon made directed the said County Court to make such allowance, and issue to him a warrant upon the treasurer of the county for the payment of that sum, from which adjudication the appeal herein is taken.

Persons competent to contract may ordinarily offer a reward and render themselves liable for its payment, and for the purpose of encouraging the apprehension of certain felons, rewards have been provided for by statute. (Jacob's Law Dict. tit. Rewards.) The legislature of the State has power, no doubt, to enact a law bestowing compensation upon parties who will furnish information leading to a conviction of persons guilty of bribery at elections. Whether such a law would be a wise regulation or not is left to legislative discretion.

The order of the County Court that the reward be offered must be regarded as a promise to compensate parties for the performance of the services therein referred to. It must be considered in the nature of a contract between the county and those who accepted of its terms and acted upon them. Whether the county had authority to enter into any such contract is made a question, and must be determined at the threshold of the case. Counties are involuntary *quasi* corporations. They are created primarily to aid in the administration of civil government. They are agencies through which a large proportion of the affairs of government are conducted. They possess certain powers of a private character, such as the purchasing, holding, and controlling property necessary to carry out the objects and purposes for which they are organized. So far they have powers common to those of a private corporation; can enter into contracts, sue and be sued. But the main powers exercised by

means of county organizations are of a public character, consisting of functions and duties imposed upon their officers, which the latter are required to discharge. Those powers, however, are in no sense corporate functions or duties; they belong to the general judicial and administrative authority of the State. That a county in its strict corporate capacity is capable of entering into any such contract as the one in question cannot be maintained for a moment. In that respect they have no more power than a school district, and are less affected by bribery and illegal voting at general elections than a school district would be by such practices if indulged in at school district meetings. If the authority, therefore, to offer a reward in such cases can be rightfully exercised by county officials, it must be included in the powers conferred upon them for general public purposes. The legislature could probably invest a county organization with such authority, but it is a substantive power and would require an express provision to confer it.

There is nothing in the general laws indicating an intention to confer any such power upon the county courts of the various counties of the State; nor which shows that the legislature would approve of any such policy. The county courts, in the management of county affairs, have no power except that which is expressly given them by statute, or which is necessary to carry out those so given them. They have no authority to legislate. Their province is to administer the law as the legislature has directed. I cannot see how it can be maintained upon principle that the County Court possessed any such authority as that claimed for it in this case, and the briefs of the counsel show very decidedly that it is not sustained by precedent. It appears to me that the County Court of Multnomah County could as well have ordered that a reward be offered to detect offenders of the law in any other case as in that of bribery at elections. A wholesale proceeding of that character would absorb all the revenues of the county. It might tend to the suppression of crime, and to promote morality; but it is very important that the various organs and branches of the government confine their administration of affairs to the discharge of

those duties committed to them respectively. Any other course would necessarily create confusion, and upon the whole, occasion more injury than accomplish good.

This view of the case renders it unnecessary to consider other questions involved therein. We deem it proper, however, to state that there is great doubt as to whether the respondent's petition was sufficient to entitle him to the reward claimed. It is very questionable whether proof of the conviction of the parties for the bribery in the United States court was such a conviction as was contemplated in the offer of the reward. The query is: Did not the County Court intend by the offer of the reward a conviction in the courts of the State for a violation of its statutes, and not a conviction in a United States court for the violation of an act of Congress?

The first point considered, however, is decisive of the case. The judgment appealed from will be reversed, and the cause remanded to the Circuit Court, with directions to dismiss the writ.