HARRIS L. CROFUT vs. THE CITY OF DANBURY.

Third Judicial District, Bridgeport, October Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, JS.

The defendant was, by its charter, provided with an adequate police force, with a special fire police, and with all the ordinary agencies for the detection, arrest and trial of offenders against law and order. In an action to recover a reward it was *held* :—

1. That the common council had no power to supplement these agencies provided by the legislature for the detection and punishment of crime, by securing the aid of individuals through the offer of a reward.

2. That a clause in the charter authorizing the common council to make ordinances "to protect the city from fire and from the danger of the same," did not authorize such body to offer a reward for the detection and conviction of incendiaries. Such provision authorizes no ordinances for the prevention of conflagrations, which do not seek to act upon or remove the physical conditions out of which they might otherwise naturally arise.

3. That a subsequent vote of the city appropriating the same amount as a reward was equally ineffectual.

Municipal corporations are more strictly limited in respect to implied or incidental powers than private corporations; and the test of their right by implication to exercise any particular power is the necessity of such power, not its convenience.

[Argued October 25th—decided December 1st, 1894.]

ACTION against the city of Danbury to recover a reward, brought to the Superior Court for Fairfield County, and reserved for the advice of this court, on a finding of facts by *Hall, J. Judgment advised for the defendant.*

On August 15th, 1889, the common council of the city passed the following resolution :—

" Resolved, that a reward of two thousand dollars ($2,000) be offered for the detection and conviction of the party or parties who have fired buildings in the city of Danbury, or for the detection and conviction of parties who attempt the crime in the future, whether said attempt is successful or frustrated."

At a city meeting duly warned and held on August 30th, 1889, "it was unanimously voted that the sum of two thousand dollars ($2,000) be appropriated for a reward for the detection and conviction of the fire incendiary."

The plaintiff was both the city sheriff and a constable of the town of Danbury, the compensation of each office being dependent on its fees. He also acted as a private detective. After the reward was offered, and for the purpose of securing it, he devoted much of his time in endeavoring to detect incendiaries in Danbury, and employed another detective, at his own expense, to assist him in this. By reason of such endeavors as a detective, he finally discovered an incendiary who set fire to a building in Danbury, in April, 1892; and procured his conviction. He obtained and served the warrant for his arrest, and received the legal fees for such service.

*James E. Walsh* and *Henry A. Purdy*, for the plaintiff.

I. Has the city of Danbury the authority or power to offer a reward for the detection and conviction of a person or persons who set fire to the buildings of people within the city of Danbury?

A municipal corporation is defined to be an investing of the people of a place with the local government thereof. *People* v. *Morris*, 13 Wend., 325–334. It may exercise all the powers expressly or impliedly granted. It possesses those powers within the fair intent and purpose of its creation, which are reasonably proper to give effect to powers expressly granted; and in exercising those powers it must have a choice of means adapted to ends, and is not to be confined to any one mode of operation. *City of Bridgeport*

v. *Housatonic R. R. Co.*, 15 Conn., 501; *Village of Carthage* v. *Frederick*, 122 N. Y., 268.

Every charter contains what is known as a general welfare clause. The defendant's charter in § 11 contains the following provision : " It is the duty of the Mayor to recommend the adoption of all such measures connected with the police, security, health and general well being of said city, and the improvement of its government and finances as he shall deem expedient."

A reward offered for the detection and conviction of persons who attempt the crime after the offer of a reward, is equally within the powers expressly granted by those sections. Because, such an offer of reward is but a simple police measure as legitimate as the employment of police to guard the inhabitants and their property against violations of the law. *Patton* v. *Stephens*, 14 Bush (Ky.), 324; *City of Buffalo* v. *Bettinger*, 76 N. Y., 393; *Crawshaw* v. *Roxbury*, 7 Gray, 374; *Brown* v. *Winterport*, 79 Me., 311; *Dibble* v. *New Haven*, 56 Conn., 199. There is no objection that the formalities required in the case of an ordinance were not complied with; therefore we think that the vote is binding as an ordinance, if an ordinance was necessary. *Somer* v. *Philadelphia*, 35 Pa. St., 231; *Gas Co.* v. *San Francisco*, 6 Cal., 191; *Drake* v. *R. R. Co.*, 7 Barb., 539; *Tipton* v. *Norman*, 72 Mo., 380; *Mfg. Co.* v. *Schell City*, 21 Mo. App., 175; *Municipality* v. *Cutting*, 4 La. Ann., 355; *Wood* v. *Corry Water Works Co.*, 44 Fed. Rep., 146, 12 L. R. A. 169. Acts of a permanent nature generally require the form of an ordinance. Those of a temporary nature may be done by resolution. *City of Central* v. *Sears*, 2 Colo., 588; *Delphi* v. *Evans*, 36 Ind., 90–100.

It is within the legitimate province of the governing body of municipal corporations to offer rewards for the detection of offenders against the general safety of its people—*e. g.* incendiarism. *Borough of York* v. *Forescht*, 23 Pa. St., 391; *Janvrin* v. *Exeter*, 48 N. H., 83; *Crawshaw* v. *Roxbury*, 7 Gray, 374; 1 Dillon on Municipal Corporations, 4th Ed., § 139; 1 Wait's Actions and Defenses, 100; *Stamp* v. *Cass*

*County*, 47 Mich., 330; *Hawk* v. *Marion County*, 48 Iowa, 472. The cases of *Loveland* v. *Detroit*, 41 Mich., 367; *Stamp* v. *Cass County*, 47 id., 330; *Gale* v. *Burwick*, 51 Me. 174; *Hanger* v. *De Moines*, 52 Iowa, 194; *Hawk* v. *Marion County*, 48 id., 472; *Patton* v. *Stephens*, 14 Bush (Ky.), 328; *Murphy* v. *Jacksonville*, 18 Fla., 318; and *Baker* v. *Washington*, 7 D. C., 134, are clearly distinguishable, upon one ground or another, from the case at bar.

II. Can a person, who is a constable of the town of Danbury in which town said city is located, and also city sheriff of the city of Danbury, recover a reward so offered, when his services are within and according to the terms of said offer, and are extra-official. A sheriff, constable, or other officer, though bound to search for and arrest offenders against whom criminal process is put into his hands, and to do with the offenders when arrested what the process commands, is not bound to search for, and procure evidence or information which will lead to their conviction, and if he does so, he is entitled to a reward offered for such services. If the officer has no process in his hands to execute he is not bound to search for an offender, and if he does and arrests him he is entitled to a reward offered. *Russell* v. *Stuart*, 44 Vt., 170; *Davis* v. *Munson*, 43 id., 676; *Gregory* v. *Pierce*, 53 Barb., 387; *England* v. *Davidson*, 11 Ad. & El. 856; *City Bank* v. *Bangs*, 2 Edw. Ch. (N. Y.), 94; *Smith* v. *Moore et al.*, 1 Man., Gr. & Scott, 448; *Neville* v. *Kelley*, 12 Com. Bench, N. S., 740; *Kasling* v. *Morris*, 71 Tex., 584; *Pillie* v. *New Orleans*, 19 La. Ann., 274; *Smith* v. *Whildin*, 10 Pa. St., 39.

*Lyman D. Brewster* and *John F. Cuff*, for the defendant.

In the absence of statutory authority, towns and cities have no power to offer a reward for the apprehension of a criminal. *Gale* v. *Inh. of So. Berwick*, 51 Maine, 174; *Loveland* v. *Detroit*, 41 Mich., 367; *Hanger* v. *Des Moines*, 52 Iowa, 193; *Hawk* v. *Marion Co.*, 48 id. 472; *Huthsing* v. *Bosquet*, 2 McCrary (U. S.), 152; *Patton* v. *Stephens*, 14 Bush (Ky.), 324; *Murphy* v. *Jacksonville*, 18 Flor., 318, 43 Am.

Rep. 323; *Com. Grant Co.* v. *Bradford*, 72 Ind., 455, 37 Am. Rep., 174; *Baker* v. *Washington*, 7 D. C., 134; *Abel* v. *Pembroke*, 61 New Hampshire, 357; *Cornwall* v. *Nissouris*, 25 Upper Canada, Com. Pl., 9.

Against the rule in these ten jurisdictions, Pennsylvania alone, so far as we have discovered, holds a contrary doctrine. See comment on *Bor. of York* v. *Forscht*, in A. & E. Ency., Vol. 15, p. 1053.

In *Gardner* v. *City of Hartford*, 14 Conn., 198, where this point was not raised by counsel, the volunteered doubt of JUDGE STORRS as to the liability of the city is very significant. So, also, the dictum of JUDGE FOSTER in the case *In the Matter of Kelley*, 39 Conn., 161, where the town of Rocky Hill had offered $1,500 reward, assumes the law to be as we claim it. He says: " The amount offered *is larger than is authorized by law*, but we consider it good for the legal amount, $200, and *reject the excess.*"

The war bounty and other similar Connecticut cases, are cited in some of the authorities, as holding the same doctrine as to the restricted power of towns and cities, while the fact that certain " reward " powers are given in this State to towns, and not given to cities, only adds to the argument against the power of cities to offer rewards. *Booth* v. *Town of Woodbury*, 32 Conn., 118; *Webster* v. *The Town of Harwinton*, 32 id., 131; Beach on Public Corporations, §§ 618, 649, 650, 651. Cooley on Const. Lim., 250 (n).

*Expressio unius exclusio est alterius* is a sound legal maxim. *Miller* v. *Miller*, 44 Pa. St., 170, 172. None of the other questions tried in the court below seem to come within the scope of this reservation.

BALDWIN, J. The charter of the city of Danbury (Special Acts, Vol. X., p. 998, § 19), gives the common council power to make ordinances for a number of specified purposes, among which are " to preserve order and peace "; " to protect said city from fire and from the danger of the same "; " to establish fire limits; to regulate the mode of building and materials used for building," and " to provide, regulate and

prescribe the duties of the city police force." Section 30 provides for a police force of which the mayor shall be *ex officio* the chief, to consist of such number as the common council may from time to time deem necessary. Section 32 requires the appointment of a " fire police force " of not more than thirty members, " to act in conjunction with the fire department, when on duty, and also to act as special police whenever their services may be required," subject to such rules as the common council may prescribe. It is made the duty of the mayor, by § 11, to recommend to the common council, from time to time, " the adoption of all such measures connected with the police, security, health and general well being of said city, and the improvement of its government and finances, as he shall deem expedient." Section 16 gives the city sheriff the same powers within the city that are possessed by sheriffs in their respective counties. A city court is created, with an extensive criminal jurisdiction and a prosecuting attorney, whose duty, by § 68, is " diligently to inquire after and make due presentment or complaint to said court of all crimes, misdemeanors, and other criminal matters, whereof said court has jurisdiction." Special meetings of the city (§ 6) may be called as the common council may direct.

By these various provisions, the General Assembly took care that the city should be supplied with an adequate police force ; a fire police, to act with the fire department and, when necessary, as a special police force ; a court to try offenders against law and order ; and a prosecuting attorney to bring them to justice. For all who fill any of these official positions, a suitable compensation is provided. The present action is based upon the claim that the common council can supplement these agencies provided by the legislature for the detection and punishment of crime, by securing the aid of private individuals through the offer of a reward.

The powers of the common council are specially enumerated, and the only one of these which is relied on by the plaintiff is that of passing ordinances to protect the city from fire and from danger of fire.

The powers expressly granted to a municipal corporation carry with them such other powers as are necessarily implied in or incident to such grants, and it also possesses all powers which are indispensable to the attainment and maintenance of its declared objects and purposes. Municipal corporations are more strictly limited in these respects than private corporations. The test of their right by implication to exercise any particular power is the necessity of such power, not its convenience. If there is a reasonable doubt as to its existence, it does not exist. *Pratt* v. *Borough of Litchfield*, 62 Conn., 112, 118; *Dailey* v. *New Haven*, 60 id., 314, 319; *New London* v. *Brainard*, 22 id., 552; *Ottawa* v. *Carey*, 108 U. S., 110, 121; *Merrill* v. *Monticello*, 138 id., 673, 681.

The General Assembly has seen fit to grant to selectmen of towns authority to offer rewards, under certain circumstances, for the detection of criminals. General Statutes, § 1339. It has not seen fit to make such a grant to the common council of Danbury, but it has given them other powers, looking to the same end. The city is supplied with all the ordinary machinery of justice, and is taxed for the support of a court, a prosecuting attorney, a general police force, and a special fire police force, in addition to a regular fire department. To allow an ordinance of the common council, or a vote of a city meeting, to impose additional burdens upon the treasury in compensation for services rendered by private individuals which are of no other kind than those required by law of salaried public officials, would be to pay twice for the same thing, and, in effect, to substitute a plan of the city for the plan of the General Assembly. *State* v. *Fyler*, 48 Conn., 145, 159; 1 Beach on Public Corporations, § 650. The power of the common council to protect the city against fire or danger of fire is to be construed in connection with the other provisions of the charter on that subject; and, in view of those to which reference has been made, can authorize no ordinances for the prevention of conflagrations, which do not seek to act upon or remove the physical conditions, out · of which otherwise they might naturally arise. *Pratt* v. *Borough of Litchfield*, 62 Conn., 112. The offense of the incendiary is one against the State, and if committed in Dan-

bury, the State has provided by its general laws and the charter of the city such means as it has deemed adequate for the detection and conviction of the criminal.

It is suggested by the plaintiff that as it is the mayor's duty to recommend to the common council, from time to time, the adoption of all such measures, connected with the security and "general well being" of the city, as he shall deem expedient, it must be the right of that body to act upon his recommendations. This is doubtless true, but his recommendations can only properly extend to the particular subjects which the charter has placed within their jurisdiction. It might as well be claimed that the duty of the President of the United States to recommend, from time to time, to the consideration of Congress "such measures as he shall judge necessary and expedient," empowered it to act on any measure that he might judge necessary, whether or not it came under the powers of legislation granted to it in the preceding article of the Constitution.

The resolution of the common council was beyond its powers, and the subsequent vote at the city meeting was equally ineffectual. The action of such a meeting, by § 21 of the charter, may nullify an unwise ordinance, but cannot give vitality to an unauthorized one. The city is given no original powers of a legislative character, to be exercised at city meetings, except with reference to appropriations and taxation. Such a meeting can regulate at its pleasure the amount of any appropriation, but cannot enlarge the class of purposes, established by the charter, for which appropriations may be made. *Dibble* v. *Town of New Haven*, 56 Conn., 199.

The result which we have reached makes it unnecessary to consider the objections to the plaintiff's recovery, on account of the official positions which he occupied at the time of rendering the services in question; as well as those predicated on the form of the action taken by the common council.

The Superior Court is advised to render judgment for the defendant.

In this opinion the other judges concurred.