D. L. FELKER v. THE BOARD OF COUNTY COMMIS-
SIONERS OF THE COUNTY OF ELK.

No. 13,779.   (78 Pac. 167.)

SYLLABUS BY THE COURT.

COUNTY COMMISSIONERS—*Not Authorized to Offer Reward for Fugitives from Justice.* A board of county commissioners has no authority to offer a reward for the arrest and conviction of persons charged with the commission of offenses against the laws of the state.

Error from Elk district court; GRANVILLE P. AIK-MAN, judge. Opinion filed October 8, 1904. Affirmed.

*R. H. Nichols,* for plaintiff in error.

*A. T. Ayres,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J. : D. L. Felker caused the arrest of two persons charged with grand larceny in Elk county, and they were subsequently adjudged guilty of petit larceny. For this service Felker presented a claim against the county, based on a wholesale offer of reward made by the board of county commissioners of Elk county over two years before the arrest was made. The board had undertaken to offer and pledge the county to pay a reward of fifty dollars to any one, other than an officer of Elk county, for the arrest and conviction of any person guilty of a felony. The board declined to allow the claim, and in a proceeding to recover it the district court held that no recovery could be had.

Apart from the obstacle to a recovery, that the persons apprehended for larceny were not convicted of a felony, there is a fundamental objection of a lack of power in the county board to offer and pay rewards for the arrest and conviction of criminals.

Felker v. Elk County.

Persons competent to contract may ordinarily offer rewards, and when the offer is accepted and performed a liability for payment arises.   The board of county commissioners, however, is a statutory organization, which has no power except such as is granted in express terms, or is necessarily implied in, or incident to, the powers expressed.   There is no contention that express authority for the offer of rewards by the board exists, but there is a claim that it arises under the provisions giving power to the board to control all county expenditures and to make contracts in relation to the property and concerns of the county.   The arrest and conviction of criminals, however, concerns the state rather than the county.   The offenses committed were violations of state laws, and the duty of punishing the offenders devolved upon the state instead of the county.   The board of county commissioners is only charged with the administration of civil affairs, and the offering of rewards for the detection and conviction of those who offend against the laws of the state is not an ordinary corporate duty, nor is it incident to the administration of county affairs.

The state, of course, might empower or make it the duty of the county board to offer rewards, but as it is a state function, and one outside of the scope of the ordinary duties of a county board, there must be express authority before the board can create a liability against the county by such an offer.   No such power has been conferred, and when the legislature had under consideration the matter of rewards for the apprehension and conviction of criminals, the authority to offer and pay rewards was specifically given to the governor, and it was therefore impliedly withheld from every other officer or tribunal.   (Gen. Stat. 1901,

7—70 KAN.

§§ 5760, 7332.) In the absence of an express provision giving a county or other municipality of the state express authority to offer rewards for the apprehension and conviction of offenders against the criminal laws of the state, the authorities generally hold that no such power exists. (*Hanger v. The City of Des Moines,* 52 Iowa, 193, 2 N. W. 1105, 35 Am. Rep. 266 ; *Gale v. The Inhabitants of South Berwick,* 51 Me. 174 ; *The Board of Commissioners of Grant County v. Bradford,* 72 Ind. 455, 37 Am. Rep. 174 ; *Mountain v. Multnomah County,* 16 Ore. 279, 18 Pac. 464 ; *Abel v. Pembroke,* 61 N. H. 359 ; *Crofut v. Danbury,* 65 Conn. 294, 32 Atl. 365 ; *Patton, etc., v. Stephens, etc.,* 77 Ky. 324 ; *Murphy v. The City of Jacksonville,* 18 Fla. 318, 43 Am. Rep. 323 ; *Boker v. City of Washington,* 7 D. C. 134 ; 24 A. & E. Encycl. of L., 2d ed., 944.)

The judgment of the district court will be affirmed.

All the Justices concurring.