[Civ. No. 5886. Third Appellate District.—June 1, 1937.]

MARGARET BRITE, Petitioner, v. BOARD OF SUPERVISORS OF SISKIYOU COUNTY et al., Respondents.

Horace F. Frye, Huston, Huston & Huston and J. Everett Barr for Petitioner.

James M. Allen for Respondents.

PLUMMER, J.—This cause is before us upon the petition of the above-named Margaret Brite praying that a writ of mandate be issued requiring the respondents to show cause why they should not be required to allow and pass upon a certain claim filed by the petitioner praying for the sum of $1,000 as a reward for the apprehension and arrest of John Brite and Coke Brite, charged with the crime of murder, the petition being based upon an alleged resolution of the Board of Supervisors of Siskiyou County authorizing the district attorney thereof to offer a reward of $500 for the arrest of each of the persons just named, and the posting of such a reward by the district attorney of said county.

The petition sets forth the filing of a claim for said reward, on or about the 17th day of December, 1936, and on or about the 27th day of March 1937, petitioner filed an amended claim in said matter, asking for the payment of said reward; that on or about the 1st day of April, 1937, a further amended claim relating to said reward was filed by said petitioner. The petition further alleges that said Board of Supervisors has failed and neglected to act upon said claim, to wit: That said board has neither allowed nor rejected the same.

To this petition the respondents have filed their demurrer, setting forth several grounds, three of which we will mention and consider, herein, to wit:

1st. That said petition shows on its face that it was filed prematurely, and that the claim in its final form was not submitted to the board for action or filed with the clerk of said board until the 5th day of April 1937;

2d. That this court has no jurisdiction to compel the Board of Supervisors to allow said claim, or to make any order further than that said board act upon the same;

3d. That the Board of Supervisors had no authority to authorize the offering of a reward for the arrest and apprehension of said John Brite and Coke Brite, or either of them, said persons being charged with the crime of murder, and that the offer, and posting of notice of reward by the district attorney of the county of Siskiyou pursuant to said resolution was illegal and void.

Section 4078 of the Political Code is to the effect that if the Board of Supervisors neglect to allow or reject a claim or demand for ninety days after the same has been filed with the clerk of the board, such refusal or neglect may, at the option of the claimant, be deemed equivalent to a final action and rejection on the ninetieth day after the filing of the claim. It would seem that the purpose of this section was and is to give a board of supervisors that length of time within which to investigate and inform themselves of the merits or demerits of any claim filed against the county. Due to the fact that the claim involved herein has been filed in three different forms, it becomes uncertain as to whether the ninety-day period should be held to apply to the claim filed by the petitioner in this cause.

By reason of what is hereinafter said, we will not further consider the contention of the respondents that this proceeding has been instituted by the petitioner prematurely.

That this court cannot order the respondents, as the Board of Supervisors of Siskiyou County, to allow the claim presented by the petitioner, seems to be well settled. The extent of the order, were it to be conceded that the petitioner was entitled thereto, would only be to the extent of requiring the Board of Supervisors, within a certain length of time, to pass upon the claim presented by the petitioner. (Sec. 4041, Pol. Code; 7 Cal. Jur., p. 541; *County of Yolo* v. *Joyce,* 156 Cal. 429 [105 Pac. 125] ; *County of Tehama* v. *Sisson,* 152 Cal. 167 [92 Pac. 64] ; *Thiel etc. Co.* v. *Tuolumne County,* 37 Cal. App. 423 [173 Pac. 1120] ; *Tilden* v. *Sacramento Couny Board of Supervisors,* 41 Cal. 68.)

The limit of the authority of the court in this cause being to direct action upon the claim filed by the petitioner, the question arises, Has any legal claim been filed against the county of Siskiyou justifying even an order directing the Board of Supervisors of said county to act thereon?

The claim filed by the petitioner is based upon the provisions of subdivision 2 of section 4307 of the Political Code.

That subdivision reads: "The traveling and other personal expenses of the district attorney and the sheriff, incurred in criminal cases arising in the county and in civil actions and proceedings in which the county is interested, and all other expenses necessarily incurred by either of them in the detection of crime and in the prosecution of criminal cases and in all civil actions and proceedings, and all other matters in which the county is interested," etc., constitute valid charges. This language does not purport to authorize either of said officers to offer or post a reward for the apprehension of persons charged with murder, nor is there anywhere in the Political Code a provision authorizing the board of supervisors of any county to offer a reward for the arrest and apprehension of persons charged with murder.

The duty of the district attorney does not extend to the arrest and apprehension of persons charged with murder. That duty, by section 4157 of the Political Code, devolves upon the sheriff. Subdivision 2 of section 4307, *supra,* has received consideration by this court, and also by the Supreme Court.

In *Cunning* v. *Carr,* 69 Cal. App. 230 [230 Pac. 987], this section was held to authorize the district attorney to employ or engage the services of detectives or persons in the collection of testimony to be used in the prosecution of persons arrested and charged with crime.

Section 4153 of the Political Code in general terms defines the duty of the district attorney or public prosecutor, setting forth that it is his duty to institute proceedings before magistrates, draw indictments, give opinions, prosecute actions, for and in the name of the county, and defend the county in actions instituted against it. Nowhere does this section authorize the district attorney to assume any of the duties imposed upon the sheriff of a county by section 4157, *supra.* Nor does the section, in prescribing the duties of the district attorney, authorize such officer to offer a reward for the arrest and apprehension of anyone charged with a public offense.

The questions considered in the case to which we have referred were presented to the Supreme Court in the case of *Cunning* v. *County of Humboldt,* 204 Cal. 31 [266 Pac. 522]. The same line of reasoning was followed and the same conclusion was reached as was arrived at in the case of *Cunning* v. *Carr, supra.*

Section 1547 of the Penal Code is in the following words:

"The Governor may offer a reward not exceeding one thousand dollars ($1000.00), payable out of the general fund, for the apprehension—

"1. Of any convict who has escaped from the state's prison;

"2. Of any person who has committed, or is charged with the commission of an offense punishable with death;

"3. For the arrest of each person engaged in the robbery of, or any attempt to rob any person or persons upon or having in charge in whole or in part any stage coach, wagon, railroad train or other conveyance engaged at the time in carrying passengers or any private conveyance within this state.

"The reward to be paid to the person or persons making the arrest, immediately upon the conviction of the person or persons so arrested."

It seems to us clear from the language used in this section that the intent of the legislature in authorizing the Governor to offer a reward for a certain sum, necessarily excludes the authority of any county officer to offer a reward for an offense against the people of the state. The same limitation would apply to subdivision 8 of section 380 of the Political Code, which authorizes the Governor to issue a reward for the apprehension of anyone charged with the commission of an offense punishable with death. No other provision is made in either the Penal or Political Code relative to rewards, and no other authorization having been expressed, it necessarily follows that the legislature intended to confine the offering of rewards for the apprehension of persons charged with offenses against the people of the state, exclusively in the Governor, and vested the same exclusively in him. The authorities in support of this position are practically unanimous and have been approved by the courts of this state.

In *Griffin* v. *City of Los Angeles*, 134 Cal. App. 763 [26 Pac. (2d) 655], where the plaintiff in that case sought to obtain a judgment against the city of Los Angeles in the sum of $2,500 for the arrest and conviction of a person charged with murder, the trial court in its conclusions of law used the following language: "That the defendant, City of Los Angeles, was not authorized or empowered by the Con-

stitution or General Laws of the State of California, or by the charter of said City of Los Angeles, to offer a reward for the apprehension and conviction of a murderer.'' A hearing in that case by the Supreme Court was denied.

While the opinion in the Griffin case takes up and decides many technical questions, the final conclusion is to the effect that the law stated by the judge of the trial court is applicable to persons charged with murder. The opinion goes on to show that the crime of murder is an offense against the people of the state, and is in no sense a municipal affair, and municipal authorities, unless expressly so empowered by statute, possess no authority to offer rewards. The court in the case which we have cited quotes from the opinion in the case of *City of Winchester* v. *Redmond,* 93 Va. 711 [25 S. E. 1001, 57 Am. St. Rep. 822], as follows: ''Municipal corporations are chartered, as we have seen, to regulate and administer the local and internal concerns of the people of the particular locality which is incorporated. They are not created to execute the criminal laws of the State. That is a matter for which the State has made ample provision by general statutes, and with which the corporation as such has nothing to do, unless expressly authorized by its charter or by statute. Hence the offer of a reward for the apprehension and conviction of an offender against the criminal law of the State is the exercise of a State power, and is foreign to the objects and purposes of a municipal corporation. Other authorities to the same effect are cited in volume 19, at page 974, Ruling Case Law; *Murphy* v. *City of Jacksonville,* 18 Fla. 318 [43 Am. Rep. 323]; *Hanger* v. *Des Moines,* 52 Iowa, 193 [2 N. W. 1105, 35 Am. Rep. 266].''

To the same effect is the rule set forth in 22 California Jurisprudence, page 428, where it is stated a public officer cannot bind the state or any of its subdivisions by such an offer, unless authority is conferred by legislation (referring to rewards). The authorization as to the Governor offering rewards is there also considered and set forth.

In 19 Ruling Case Law, 794, section 101, it is said: ''The prevention of crime and the enforcement of the criminal law is a function of the State rather than of any subdivision thereof. . . . It is for this reason that it is held by the weight of authority that a municipal corporation has no implied power to offer a reward for the apprehension or conviction of persons guilty of crime, and that an action cannot be

maintained against it upon such an offer.'' It appears that some of the authorities make an exception as to the offense of arson, which is held to be a local affair.

In the case of *City of Los Angeles* v. *Gurdane*, 59 Fed. (2d) 161, the Circuit Court of Appeals having before it a like question involving an attempt to obtain a judgment against the city of Los Angeles for and on account of the reward offered for the arrest and apprehension of the murderer of Marion Parker (Hickman case), held that the offer of a reward for the apprehension of a felon was not within the broad powers possessed by a municipality. The court further held that the city charter of the city of Los Angeles did not authorize the city to offer a reward for the arrest and apprehension of felons.

In *Felker* v. *Board of Commrs. of Elk County*, 70 Kan. 96 [78 Pac. 167, 3 Ann. Cas. 156], the Supreme Court of Kansas held that a board of county commissioners possessed no authority to offer a reward for the arrest and conviction of persons charged with the commission of offenses against the laws of the state. It was there held that the arrest and conviction of criminals concerns the state, and not simply a county. The board of supervisors was there charged with looking after the civil affairs of the county, just as is the case here. It was also held that the state might empower or make it the duty of county boards of supervisors to offer rewards, but there must be express authority to that effect. It is further held that the law in that state, just as in this state, had empowered the Governor to offer a reward, and the sole authority so to do was vested in the Governor. The language of the opinion is so applicable to the case at bar that we quote therefrom as follows:

"The State, of course, might empower or make it the duty of the County Board to offer rewards; but as it is a State function, and one outside of the scope of the ordinary duties of a County Board, there must be express authority before the Board can create a liability against the County by such an offer. No such power has been conferred, and when the legislature had under consideration the matter of rewards for the apprehension and conviction of criminals, the authority to offer and pay rewards was specifically given to the Governor, and it was therefore impliedly withheld from every other officer or tribunal. (Gen. St. 1901, pars. 5760, 7332.) In the absence of an express provision giving

240

a county or other municipality of the State express authority to offer rewards for the apprehension and conviction of offenders against the criminal laws of the State, the authorities generally hold that no such power exists. (*Hanger* v. *City of Des Moines,* 52 Iowa, 193 [2 N. W. 1105, 35 Am. Rep. 266]; *Gale* v. *Inhabitants of South Berwick,* 51 Me. 174; *Board of Commissioners* v. *Bradford,* 72 Ind. 455 [37 Am. Rep. 174]; *Mountain* v. *Multnomah County,* 16 Or. 279 [18 Pac. 464]; *Abel* v. *Pembroke,* 61 N. H. 357, 359; *Crofut* v. *Danbury,* 65 Conn. 294 [32 Atl. 365]; *Patton* v. *Stephens,* 77 Ky. (14 Bush.) 324; *Murphy* v. *Jacksonville,* 18 Fla. 318 [43 Am. Rep. 323]; *Baker* v. *Washington,* 7 D. C. 134; 24 A. & E. Ency. of Law [2d ed.] 944.)''

In view of what we have stated, and the authorities cited, it must be held that no legal claim has been filed by the petitioner with the clerk of the Board of Supervisors of the County of Siskiyou, and that the action of the Board of Supervisors, and also of the district attorney, in relation to offering a reward for the arrest and apprehension of John and Coke Brite was in excess of any authority possessed by the Board of Supervisors or by the district attorney of Siskiyou County.

The demurrer is sustained.

The writ is denied and the petition dismissed.

Thompson, J., and Pullen, P. J., concurred.