

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John S. Baker
County Auditor
Lamar County
Paris, Texas

Dear Sir:

Opinion No. O-4354
Re: Liability of counties for
rewards offered by county
Commissioners' Courts in
criminal cases.

This is to advise that we have given careful consideration to your opinion request of recent date. We quote the following from your letter:

"Sometime last year our Commissioners' Court offered a reward of Two Hundred Fifty Dollars for the arrest and conviction of two men who had committed murder in this county. The Governor of this state offered a reward which has been paid.

"Is the county legally bound to pay this reward under the action of the Commissioner's Court, and if so from what fund shall it be paid?"

In Texas the authority of the Commissioners' Court as the governing body of a county to make contracts in its behalf is strictly limited to that conferred either expressly or by fair or necessary implication by the Constitution and statutory laws of the State. As a general rule, if the Commissioners' Court acts without authority in making a contract, the county is not bound by its action, and cannot be held liable to pay a consideration not authorized by law. See 11 Tex. Jur. 632, § 95; Tarrant County v. Rogers, (Tex.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Civ. App.) 125 S. W. 592; Baldwin v. Travis County, 40 Tex. Civ. App. 149, 88 S. W. 480.

We have been unable to find where your question has been tested in a Texas court action. From Texas Jurisprudance we take the following:

"No doubt a private person may offer such rewards as he pleases, if public policy is not violated. But a public officer cannot bind the State or any of its subdivisions by such an offer unless authority is conferred by legislation. Various statutes authorize the giving and offering of rewards, the most important being those which (1) authorize the Governor to offer rewards for the apprehension of persons accused of felony who are evading arrest; (2) authorize the manager of the Texas Prison System to offer rewards for the apprehension of escaped prisoners; and (3) authorize commissioners' courts to provide rewards, not exceeding ten dollars each, for the recapture of escaped county convicts." (36 Tex. Jur. 964, | 3)

The pertinent statutes alluded to in the text quoted are: (1) Article 1007, Code of Criminal Procedure, 1925; (2) Article 6166z3, Vernon's Annotated Civil Statutes; and (3) Article 6764, Revised Civil Statutes, 1925. The first of these authorizes the Governor to offer rewards; the second, the Texas Prison System and the last is the authority for payment for recapture of county convicts.

In the case of Hagan v. Black, 159 Tenn. 290, 17 S. W. (2d) 908, the Supreme Court of Tennessee in holding that a county court had no power or authority to pay a reward to officers for conviction of liquor law violators, used the following language:

"The weight of authority generally is that a county may not offer a bounty or reward for the detection of offenses against the laws of the state, nor for the conviction of criminals, unless expressly authorized by statute; the county government being charged by statute with no duty or obligation to suppress crime from which the power to offer such reward or bounty

could be implied. Am. & Eng. Ency. Law (2d Ed.) vol. 24, p. 945, note 2; Ruling Case Law, vol. 23, p. 1124 ('Rewards', | 13); Board of Com'rs of Grant County v. Bradford, 72 Ind. 455, 37 Am. Rep. 174; Felker v. Board of Com'rs of Elk County, 70 Kan. 96, 78 P. 167, 3 Ann. Cas. 156 and note."

The following excerpts are quoted from the opinion of the Supreme Court of Appeals of Virginia in the case of City of Winchester v. Redmond, 93 Va. 711, 25 S. E. 1001:

"Crime is an offense against the state, and not against the city, town or county in which it may be committed, as distinguished from the rest of the state. The offense is against the sovereign authority, and not against the individual or particular community. All the people of the state are concerned in the punishment and suppression of crime. And the state, whose prerogative it is to punish crime, has made adequate provision for the vindication of the public justice. When a crime has been committed, it is her law, and not that of the corporation, that is broken.
. . .

"When a crime has been committed and there is reason to fear that the person charged therewith cannot be arrested in the common course of proceeding, or when an offense has been committed, but the person guilty thereof is unknown, the legislature has conferred upon the executive of the state the authority to offer a reward for apprehending and securing, or for the detection and conviction of, such person, as the case may be. Code Va. | 4197. This is as far as the legislature has deemed it wise or expedient to confer such authority. It might sometimes be convenient and expedient for municipalities and the authorities of a county to possess such power, but it is a power that would be liable to great abuse. However, with its convenience or expediency we have nothing to do. That is a matter solely for the consideration of the legislature. . . . If the power has not been expressly granted, or is not necessarily implied, it does not exist. If it be even doubtful, the doubt must be resolved against the existence of the power. . . ."

Honorable John S. Baker, Page 4

See also Huthsing v. Bousquet, 7 Fed. 833, 2 McCrary 152; Hawk v. Marion County, 48 Iowa 472; Stamp v. Cass County, 47 Mich. 330, 11 N. W. 183; People v. Brower, 111 App. Div. 915, 97 N. Y. S. 349; Scheiber v. Von Arx, 87 Minn. 298, 92 N. W. 3; 54 C. J. 780, ¶ 11.

In view of the above and other authorities we are impelled to advise you that your county is not legally authorized to pay the reward in question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Benjamin Woodall
Assistant

APPROVED FEB 5, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

BW:GO



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN